Ellis M. HURN, Plaintiff,

v.

RETIREMENT FUND TRUST OF the PLUMBING, HEATING AND PIPING INDUSTRY OF SOUTHERN CALIFORNIA, Defendant.

No. 76–2487–AAH.

United States District Court, C. D. California.

Dec. 14, 1976.

cause having been submitted for decision, and the Court being fully advised in the premises makes its findings of fact and conclusions of law as follows:

## FINDINGS OF FACT

It is true that:

1. Defendant RETIREMENT FUND TRUST OF THE PLUMBING HEATING & PIPING INDUSTRY OF SOUTHERN CALIFORNIA [hereinafter "TRUST"] is an "employee pension benefit plan" within the meaning of the Employee Retirement Income Security Act of 1974 [hereinafter "ERISA"] [29 U.S.C. § 1002(2)].

2. Plaintiff ELLIS M. HURN brings this action as a "participant" in the TRUST as defined by ERISA [29 U.S.C. § 1002(7)] in part pursuant to Section 502 of ERISA [29 U.S. 1132].

3. The Third Cause of Action in the Plaintiff's Complaint is based upon the Securities Act, [15 U.S.C. Sections 77a–77aa and 78a–78j], alleging that the Defendant TRUST's administration of the Plaintiff's pension constitutes fraud in the "sale" of a "security."

4. The Fourth Cause of Action in Plaintiff's Complaint is based upon a state tort theory alleging that the Defendant TRUST's administration of the Plaintiff's pension caused the Plaintiff grave emotional distress.

The following Conclusions of Law, insofar as they may be considered Findings of Fact, are so found by this Court to be true in all respects:

Henry R. Fenton, Los Angeles, Cal., for plaintiff.

Brundage, Beeson & Pappy by Richard J. Davis, Jr., Los Angeles, Cal., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

The Court having a motion to dismiss before it and having heard the arguments offered by the respective parties, and the

## CONCLUSIONS OF LAW

1. The Plaintiff's interest in the Defendant TRUST is not a "security" within the meaning of the Securities Law, and the Plaintiff's acquisition of that interest does not constitute a "sale" of a "security" within the meaning of the Securities Law [15 U.S.C. §§ 77a–77aa, and 78a–78j]; *United ed Housing Corp. v. Forman*, 421 U.S. 837, 95 S.Ct. 2051, 44 L.Ed.2d 621 (1975); *Blue Chip Stamps v. Manor Drug Stores*, 421

**82**

U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975).

 2. The Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1001, et seq.) provides the exclusive remedy for disputes over benefits between "participants" such as the Plaintiff and "employee pension benefit plans" such as the Defendant TRUST, and ERISA preempts application of the Securities Laws to disputes over such benefits.

3. The Third Cause of Action in the Complaint herein fails to state a claim upon which relief can be granted because the Securities Laws of the United States are inapplicable to defendant TRUST.

4. The Fourth Cause of Action of the Plaintiff's Complaint is not based upon a federal right, but is based upon a prayer that this Court exercise its pendant jurisdiction.

5. The Employee Retirement Income Security Act of 1974 [29 U.S.C. §§ 1001, et seq.] provides no cause of action for damages for emotional distress, and permits no recovery of punitive damages [29 U.S.C. §§ 1132(a)–1132(k)].

6. A prayer that this Court exercise its pendant jurisdiction is addressed to the discretion of this Court. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). This Court must weigh whether permitting this pendant claim would aid in the conservation of the time of this Court, or would needlessly complicate the trial of the federal claims and waste the time of the Court unnecessarily.

7. This Court declines to exercise its pendant jurisdiction to hear the Fourth Cause of Action of Plaintiff's Complaint, as it would needlessly complicate trial of the federal claims and would unnecessarily waste the time of this Court.

8. As the Employee Retirement Income Security Act of 1974 (29 U.S. §§ 1001, et seq.) provides the exclusive remedy for disputes over benefits between "participants" such as the Plaintiff and "employee pension benefit plans" such as the Defendant TRUST, ERISA preempts application of state tort theories of damages for emotional distress to disputes over such benefits.

### JUDGMENT

In accordance with the Findings of Fact and Conclusions of Law herein,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Third and Fourth Causes of Action of the Complaint herein are dismissed for failing to state claims upon which relief can be granted.