Max F. BITTNER, Plaintiff,

v.

SADOFF & RUDOY INDUSTRIES, Defendant.

Civ. A. No. 79–C–660.

United States District Court, E. D. Wisconsin.

June 6, 1980.

Raymond R. Colwin, Fond du Lac, Wis., for plaintiff.

Lynn R. Laufenberg, Edward A. Dudek, Francis J. Slattery, Milwaukee, Wis., and Charles F. Nolan, Oshkosh, Wis., for defendant; Nolan, Engler, Yakes & Bauer, S. C., Oshkosh, Wis., of counsel.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action to recover compensatory and punitive damages for the alleged retaliatory firing of plaintiff Max F. Bittner by defendant Sadoff & Rudoy Industries, in violation of § 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140. The court has jurisdiction over the action pursuant to 29 U.S.C. § 1132(f).

Currently before the court is defendant's motion to strike plaintiff's claims for compensatory and punitive damages or to dismiss the complaint. For the reasons stated below, the motion will be denied.

Plaintiff's complaint, which at this stage of the proceedings must be taken as true, alleges the following set of facts. Plaintiff for some years was employed in an executive capacity with the defendant company. Plaintiff, while in the employ of the defendant, was covered by an employee benefit plan which was organized under and subject to ERISA. Under the plan, plaintiff was to receive health and hospital benefits for illnesses or disabilities suffered by plaintiff or his eligible dependents.

In 1974, plaintiff's son became functionally disabled due to paranoid schizophrenia, and plaintiff began receiving benefits for expenses incurred as a result of his son's disability. Although plaintiff's son continued to be functionally disabled and an eligible dependent under the plan, in November 1978, defendant company and the plan's administrator refused to pay further benefits to the plaintiff. On July 16, 1979, plaintiff filed suit against defendant and the plan's administrator in state court seeking a determination and enforcement of his rights under the plan. Defendant was served with the suit papers on July 17, 1979, and "within minutes" plaintiff was called into the general manager's office and fired, allegedly for having instituted the state court action against his employer.

Plaintiff seeks the following damages in this suit: (1) payment of his annual salary until age sixty-five; (2) recovery of forfeited health, hospitalization, and medical insurance benefits; (3) recovery of forfeited life insurance benefits; (4) recovery of forfeited profit sharing and pension fund benefits; and (5) punitive damages. Defendant seeks to strike these claims, arguing that plaintiff is only entitled to "equitable" relief, thereby precluding an award of liquidated money damages.

Plaintiff's claim arises pursuant to 29 U.S.C. § 1140 which provides in pertinent part:

"It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, [or] this subchapter * * *."

Suits for redress of violations of 29 U.S.C. § 1140 are authorized by 29 U.S.C. § 1132(a)(3) which provides:

"(a) A civil action may be brought—

\* \* \* \* \* \*

536

"(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this sub-chapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

■ Defendant attaches much significance to the fact that the statute only provides for equitable remedies. The range of equitable remedies available to the courts, however, is not as narrow as defendant would make out. Chief among the equitable remedies is the remedy of restitution. *Rogers v. Loether*, 467 F.2d 1110, 1121 (7th Cir. 1972). If plaintiff's discharge is found to be unlawful, the Court has the equitable power to put plaintiff back into the position he enjoyed before the discharge. This includes awarding plaintiff back pay, reinstatement to his former position, restitution of his forfeited employee benefits, and any other relief necessary to make him whole. See, e. g., *Equal Employment Opportunity Commission v. Kallir, Philips, Ross, Inc.*, 420 F.Supp. 919 (S.D.N.Y.1976). The specific form of the relief that may be appropriate is impossible to ascertain at this stage of the proceedings. While a retaliatory discharge may not, as defendant argues, entitle plaintiff to a guaranteed lifetime income, plaintiff, who is sixty years old, may well be entitled to his annual salary until age sixty-five. He certainly would be entitled to his annual salary until such time as he has been offered reinstatement by the defendant, and he may be entitled to a salary award for future years if reinstatement is impracticable and he is unable to find other employment. *Kallir, Philips, Ross, Inc.*, supra, at 926–927. Congress intended to provide "the full range of legal and equitable remedies available in both state and federal courts" to those persons who have been injured by those practices made unlawful by ERISA. H.R.No.93–533, 1974 U.S.Code Congressional and Administrative News, Vol. 3, at 4639, 4655. Plain-

tiff's damage claims, while perhaps overly optimistic, are not so removed from what he plausibly could be awarded were he to prevail on the merits as to require that the claims be stricken. This conclusion goes for plaintiff's claim for punitive damages as well. At this point, the Court cannot say that under no circumstances would it be a proper exercise of the Court's equitable powers to award punitive damages against the defendant. Whether or not such damages are appropriate must await further resolution of the facts.

■ Defendant's motion to dismiss for failure to join an indispensable party is without merit. Defendant argues that in an action to recover benefits under an ERISA qualified plan, both the plan and the companion trust fund are necessary parties. Plaintiff's action to recover benefits, however, is currently pending in the state court system. The only action pending in this court is plaintiff's suit for damages resulting from his retaliatory firing. The only party who will be liable should plaintiff prove his case is defendant. Accordingly, there has been no failure to join an indispensable party.

IT IS THEREFORE ORDERED that defendant's motion to strike plaintiff's claims for compensatory and punitive damages or to dismiss the complaint in the above-entitled action is hereby denied.