John A. PROVIENCE, Plaintiff,

v.

VALLEY CLERKS TRUST FUND et al., Defendants.

Civ. No. S–80–885 MLS.

United States District Court, E. D. California.

Feb. 25, 1981.

Jerry L. Rowley, Loomis, Cal., for plaintiff.

J. Thomas Bowen, Davis, Cowell & Bowe, San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER

MILTON L. SCHWARTZ, District Judge.

The first amended complaint herein (hereinafter "complaint"), naming as defendants Valley Clerks Trust Fund, Ramona L. Gilmore as Administrator, and Does I through XXX, was filed in state court on October 8, 1980, and is framed in four purported causes of action denominated as follows:

   (a) First Cause of Action: Fraud and Bad Faith;

   (b) Second Cause of Action: Intentional Infliction of Emotional Distress;

   (c) Third Cause of Action: Violation of Federal Regulations;

   (d) Fourth Cause of Action: Violation of State Regulations.

The complaint, in essence, alleges that defendant trust fund and its officers and agents (1) fraudulently misrepresented the nature of benefits available under defendants' medical plan (first cause of action); (2) refused in bad faith to pay a legitimate claim for medical benefits (first cause of action); (3) intentionally inflicted severe emotional distress upon plaintiff in so refusing (second cause of action); (4) violated federal regulations (29 C.F.R. § 2560.503–1) in failing to establish a reasonable claims procedure (third cause of action); and (5) violated provisions of the California Consumers' Legal Remedies Act (Cal.Civ.Code §§ 1750 *et seq.*, specifically §§ 1770(i), (q) and (s)), and provisions of the California Business and Professions Code (Cal.B.&P. Code §§ 17200 and 17500) regulating unfair business practices (fourth cause of action).

On November 10, 1980, the two named defendants (hereinafter "defendants") properly removed the case to this court. 28 U.S.C. § 1441; 29 U.S.C. §§ 1132(a)(1)(B), 1132(e)(1); *Stone v. Stone,* 632 F.2d 740, 742 (9th Cir. 1980). Thereafter defendants filed the instant motion which seeks

   (a) An order dismissing the first cause of action insofar as it claims damages in

excess of the benefits which would have been due under defendants' medical plan, or, alternatively, an order striking all allegations throughout the complaint which claim monetary relief in excess of such benefits (F.R.Civ.P. 12(b)(6), 12(f));

(b) An order dismissing the second cause of action in its entirety (F.R.Civ.P. 12(b)(6));

(c) An order dismissing the third and fourth causes of action in their entirety (F.R.Civ.P. 12(b)(6));

(d) An order striking from the prayer of the complaint all demands for attorneys' fees (except those incurred in seeking to enforce medical expense payments), interest, compensatory damages, punitive damages, injunctive and restitutionary relief provided by state law; and

(e) An order striking the fictitious-name allegations, and, presumably, the fictitious-name ("Doe") defendants from the complaint.

It is somewhat difficult to fully understand defendants' theory. Apparently they concede that the *first* cause of action does in fact state valid claims for relief, but only to the extent that such relief does not exceed the "benefits due to [plaintiff] under the terms of his plan," in accordance with 29 U.S.C. § 1132(a)(1)(B). Seemingly, defendants are contending that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, preempts the state laws under which plaintiff's first, second and fourth causes of action are nominally brought, but acknowledge that the court should view the first cause of action, under the rules of liberal pleading construction, as stating a federally-created cause of action under 29 U.S.C. § 1132(a)(1)(B) "to recover benefits due to him under the terms of his plan" or "to enforce his rights under the terms of the plan" or "to clarify his rights to future benefits under the terms of the plan." Hence, defendants urge dismissal or striking as to all requested relief in the first cause of action to the extent it exceeds that specified in § 1132(a)(1)(B). Insofar as pertains to the second and fourth causes of action, defendants interpose the same preemption defense; however, since these two causes of action seek only compensatory and punitive damages, and do not include claims to recover benefits under the plan, defendants ask that these causes of action be dismissed in their entirety. As to the third cause of action, it is impossible to determine the nature of defendants' preemption argument.

In addressing the question of whether and to what extent plaintiff's claims herein are foreclosed, the court notes that the scope of the ERISA preemption is very broad. Under the provisions of 29 U.S.C. § 1144(a), "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan" are superseded. General preemption analysis [1] is thus simplified by this specific statement of Congress' intent to broadly occupy the field of pension fund operation, which in turn is further clarified by the legislative history of ERISA.[2]

The precise question here, insofar as pertains to all but the third cause of action, is

---

1. See generally Conference of Federal Savings & Loan Ass'ns. v. Stein, 604 F.2d 1256, 1260 (9th Cir. 1979), aff'd mem., 445 U.S. 921, 100 S.Ct. 1304, 63 L.Ed.2d 754 (1980); Ray v. Atlantic Richfield Co., 435 U.S. 151, 98 S.Ct. 988, 994, 55 L.Ed.2d 179 (1978); Jones v. Rath Packing Co., 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977). In the field of labor relations such as ERISA, added deference is ordinarily accorded federal law. See Morseburg v. Balyon, 621 F.2d 972, 976–77 (9th Cir.), cert. denied, —— U.S. ——, 101 S.Ct. 399, 66 L.Ed.2d 245 (1980); cf. New York Telephone Co. v. New York State Department of Labor, 440 U.S. 519, 99 S.Ct. 1328, 59 L.Ed.2d 553 (1979) (discussed infra ).

2. See H.Rept. No. 93–533, reprinted in [1974] U.S.Code Cong. & Admin.News 4639, 4666 (early version of preemption provision); H.Conf.Rept. No. 93–1280, reprinted in [1974] U.S.Code Cong. & Admin.News 5038, 5162 (conference report on final provision); 120 Cong.Rec. 29933 (remarks of Senator Williams, Chairman, Senate Labor & Public Welfare Committee); 120 Cong.Rec. 29442 (remarks of Senator Javits, ranking minority member, Senate Labor & Public Welfare Committee); 120 Cong.Rec. 29197 (remarks of Representative Dent, House Sponsor of ERISA). See generally Delta Air Lines, Inc. v. Kramarsky, 485 F.Supp.

whether the specified state laws (fraud, bad faith, intentional infliction of emotional distress, and the special statutory provisions specified in the fourth cause of action) "relate to" the ERISA-controlled employee benefit plan here involved. Court decisions addressing this question have uniformly held that a state law which directly regulates the content or operation of an ERISA plan is preempted by § 1144(a).[3]

■ The holdings have not been as consistent or as easy to rationalize where the state law is found to indirectly affect, or tangentially impact upon, an ERISA plan, as opposed to directly regulating it.[4] However, it now seems settled that where the state law has only an indirect effect on the plan *and* where it is one of general application which pertains to an area of important state concern, the court should find there has been no preemption.[5]

This conclusion finds analogy in *New York Telephone Co. v. New York State Department of Labor*, 440 U.S. 519, 99 S.Ct. 1328, 1337, 59 L.Ed.2d 553 (1979) (plurality opinion) (state law requiring payment of unemployment benefits to striking employees not preempted by federal labor law)[6]

and *Linn v. Plant Guard Workers*, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966) (state libel laws not preempted by federal labor law).

The court is satisfied (1) that California's laws, both statutory and judicially determined, relating to fraud, breach of the duty of good faith and fair dealing inherent in all contracts ("bad faith"), and intentional infliction of emotional distress are laws of general application in the state and are matters of important state concern, and (2) that such laws indirectly affect, but do not directly regulate the ERISA plan here involved. The court is not so persuaded in the case of the special laws (consumers' legal remedies and unfair business practices statutes) invoked in the fourth cause of action. Finally, the court finds that there is no discernible basis for defendants' contention that the federal regulations specified in the third cause of action are preempted; in fact, such regulations (29 C.F.R. § 2560.503–1) were enacted pursuant to and in implementation of ERISA.

■ The court now makes the following determinations:

(a) Plaintiff's cause of action for fraud is not preempted by ERISA; protection

---

300, 303–04 (S.D.N.Y.1980); *Hewlett-Packard Co. v. Barnes*, 425 F.Supp. 1294, 1299–1300 (N.D.Cal.1977), *aff'd*, 571 F.2d 502 (9th Cir.), *cert. denied*, 440 U.S. 519, 99 S.Ct. 108, 59 L.Ed.2d 553 (1978).

**3.** *E. g., Standard Oil Co. of Californmia v. Agsalud*, 633 F.2d 760 (9th Cir. 1980); *St. Paul Electrical Workers Welfare Fund v. Markman*, 490 F.Supp. 931 (D.Minn.1980); *Pervel Industries, Inc. v. State of Connecticut, Commission on Human Rights*, 468 F.Supp. 490 (D.Conn. 1978), *aff'd*, 603 F.2d 214 (2d Cir. 1979), *cert. denied*, 444 U.S. 1031, 100 S.Ct. 701, 62 L.Ed.2d 667 (1980); *Hewlett-Packard Co. v. Barnes*, 425 F.Supp. 1294 (N.D.Cal.1977), *aff'd*, 571 F.2d 502 (9th Cir.), *cert. denied*, 439 U.S. 831, 99 S.Ct. 108, 58 L.Ed.2d 125 (1978); *Azzaro v. Harnett*, 414 F.Supp. 473 (S.D.N.Y.1976), *aff'd mem.*, 553 F.2d 93 (2nd Cir.), *cert. denied*, 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977); *cf. Bucyrus-Erie Co. v. Dept. of Industry*, 599 F.2d 205 (7th Cir. 1979), *cert. denied*, 444 U.S. 1031, 100 S.Ct. 701, 62 L.Ed.2d 667 (1980) (state law regulating ERISA plan, otherwise preempted, deemed saved by analogy to another federal law which was not preempted by 29 U.S.C. § 1144(d).

**4.** *Wadsworth v. Whaland*, 562 F.2d 70, 78 (1st Cir. 1977), *cert. denied*, 435 U.S. 980, 98 S.Ct. 1630, 56 L.Ed.2d 72 (1978); *Wayne Chemical, Inc. v. Columbus Agency Service Corp.*, 567 F.2d 692, 700 (7th Cir. 1977); *see Insurers' Action Council, Inc. v. Heaton*, 423 F.Supp. 921, 926 (D.Minn.1976).

**5.** *AT&T v. Merry*, 592 F.2d 118 (2d Cir. 1979); *Carpenters Pension & Trust v. Kronschnabel*, 632 F.2d 745 (9th Cir. 1980); *Stone v. Stone*, 450 F.Supp. 919, 932 (N.D.Cal.1978), *aff'd*, 632 F.2d 740 (9th Cir. 1980); In re *Marriage of Campa*, 89 Cal.App.3d 113, 152 Cal.Rptr. 362 (1979), *app. dismissed for lack of a substantial federal question*, 444 U.S. 1028, 100 S.Ct. 696, 62 L.Ed.2d 664 (1980). *See generally* Reppy, *Community and Separate Interests in Pension and Social Security Benefits After Marriage of Brown and ERISA*, 25 UCLA L.Rev. 417, 516–18 (1978); Note, 10 Pac.L.J. 881, 883–86 (1979).

**6.** *See also id.* 99 S.Ct. at 1346 (Blackmun, J., concurring in judgment). Justice Blackmun agreed in principle with the plurality's statement of preemption, but took issue with its applicability to the facts of that case.

against fraud is a classically important general state function which the court does not find expressly or impliedly preempted by 29 U.S.C. § 1144. Wilful fraud falls outside the scope of the fiduciary regulation provisions of ERISA, and the allowance of fraud causes of action furthers, rather than hinders, the purposes of ERISA.

(b) Plaintiff's bad faith and intentional infliction of emotional distress causes of action are similarly not preempted, for the same reasons as set forth in paragraph (a) above.

(c) Plaintiff's third cause of action, for violation of federal regulations enacted pursuant to ERISA, is explicitly not preempted, 29 U.S.C. § 1144(d), nor is the right to pursue this *claim* impaired by the decision in *Molina v. Retail Clerks Unions & Food Employers Benefit Fund*, 111 Cal. App.3d 872 168 Cal.Rptr. 906 (1980).

(d) Plaintiff's fourth cause of action, for violation of state consumers' legal remedies laws and state unfair business practice statutes, is preempted by ERISA because such regulatory laws may alter the controls established for the plan by ERISA. This court recognizes a legitimate distinction, for example, between the state's strong interest in the prevention of wilful fraud, on the one hand, and the possibility of intrusion upon ERISA regulations through a state regulatory scheme which does not predicate liability upon intentional fraud, on the other hand. The possibilities for direct regulatory conflict between ERISA and the state statutes invoked in the fourth cause of action preclude application of those laws to ERISA plans.

(e) This court, in its discretion, may retain jurisdiction over those state law causes of action not preempted by ERISA, under the doctrine of pendent jurisdiction, and it finds that such retention is proper in this case. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Because these pendent state claims permit recovery of compensatory and, where the facts so warrant, punitive damages, the court need not currently address the availability of such damages under ERISA.

(f) The inclusion of fictitious-name ("Doe") defendants in federal court actions is considered improper. *Tolefree v. Ritz*, 382 F.2d 566, 567 (9th Cir. 1968); *Molnar v. National Broadcasting Company*, 231 F.2d 684, 687 (9th Cir. 1956); *Sigurdson v. Del Guercio*, 241 F.2d 480 (9th Cir. 1956). Although such inclusion is proper in state court actions, the complaint should be dismissed as to such defendants when the case is removed to the federal court.

The court THEREFORE ORDERS:

(1) That the fourth cause of action of the first amended complaint is dismissed;

(2) That defendants' motion for an order dismissing the first, second and third causes of action of the first amended complaint is denied;

(3) That paragraphs 1 and 2 of first amended complaint are stricken; that in all other particulars defendants' motion to strike is denied;

(4) That the first amended complaint is dismissed as to all fictitious-name defendants.