**Jose JIMINEZ, Plaintiff,**

v.

**PIONEER DIECASTERS, et al., Defendants.**

**No. CV 81–6569–CHH.**

United States District Court, C.D. California.

Sept. 30, 1982.

---

Ronald Dean, Pacific Palisades, Cal., for plaintiff Jiminez.

Kenneth C. Bornholdt, Mitchel D. Whitehead, Forster, Gemmill & Farmer, P. C., Los Angeles, Cal., for defendants, Pioneer Diecasters, Inc. Pension Plan, The Bd. of Directors of Pioneer Diecasters, Inc. acting as Plan Administrator for the Pioneer Diecasters, Inc. Pension Plan, Pioneer Diecasters, Inc. Profit-Sharing Plan, The Profit-Sharing Plan Committee Acting As Plan Administrator for the Pioneer Diecasters, Inc. Profit-Sharing Plan; Carl Spahr, Individually and as Plan Administrator for the Pioneer Diecasters, Inc. Pension Plan and as Plan Administrator for the Pioneer Diecasters, Inc. Profit-Sharing Plan, Pioneer Diecasters, Inc.

Meserve, Mumper & Hughes, Los Angeles, Cal., for defendant N.Y. Life.

## MEMORANDUM OPINION

CYNTHIA HOLCOMB HALL, District Judge.

Plaintiff asserts two claims for relief in the Complaint, the first against defendants Pioneer Diecasters, Inc. Pension Plan ("Pension Plan") and Pioneer Diecasters, Inc. Profit Sharing Plan ("Profit Sharing Plan"), and the second against the remaining defendants, the Board of Directors of Pioneer Diecasters, Inc., the Profit Sharing Plan Committee, Carl Spahr, Robert C. Russell, New York Life Insurance Company, and Pioneer Diecasters, Inc. ("Diecasters"). Defendants moved to dismiss the second claim for failure to state a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, or, in the alternative, to strike plaintiff's request for compensatory and punitive damages.

Defendants' motion raises two issues: (1) whether the allegations in the Second Claim For Relief state federal claims under ERISA and, if so, (2) whether compensatory and punitive damages are recoverable under ERISA. For the reasons set forth below, I find that plaintiff has raised federal claims covered by ERISA and that compensatory and punitive damages are recoverable under that Act.

## STATEMENT OF THE FACTS

Plaintiff is a former employee of defendant Diecasters. Plaintiff alleges that he terminated his employment with Diecasters on January 8, 1981, because of Diecasters' continued refusal to ease his excessive workload. Plaintiff participated in both the Pension Plan and Profit Sharing Plan. Both Plans provide for payment of vested benefits to terminating employees.

Prior to January 2, 1981, the Pension Plan and Profit Sharing Plan included a lump-sum distribution of plan benefits as a payment option upon an employee's termination of his employment with Diecasters. On that date, the plan was amended to delete the lump-sum payment option. Benefits are now payable in the form of a five-year single life annuity.

Plaintiff alleges that defendants, acting as plan fiduciaries,[1] conspired to delete the lump-sum payment option prior to plaintiff's termination in retaliation for plaintiff's repeated complaints about his working conditions. Defendants allegedly withheld their knowledge of the intended amendment from plaintiff so that the amendment could be effectuated before plaintiff could terminate his employment. Plaintiff additionally alleges that defendants further

---

1. Several of the defendants deny in their Answers that they are "fiduciaries" within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). For the purpose of this motion to dismiss, I accept plaintiff's allegation that the defendants are fiduciaries as true. *See Sherman v. Yakahi,* 549 F.2d 1287, 1290 (9th Cir. 1977).

breached their fiduciary duties by refusing to invest plaintiff's annuity at a rate of interest higher than 7.35%. As a result of defendants' breach of their fiduciary duties, plaintiff claims that he has lost substantial tax benefits associated with a lump-sum distribution and has lost a valuable business opportunity. Plaintiff seeks compensatory damages for the lost tax benefits and punitive damages because defendants' acts allegedly were done willfully and maliciously.

## ERISA CLAIMS

■ The allegations in the Second Claim for Relief raise federal claims cognizable under ERISA.[2] Plaintiff alleges that defendants acted with a retaliatory motive in amending the plan, withholding information from plaintiff concerning the amendment and refusing to invest the five-year annuity at a higher interest rate. These alleged acts are inconsistent with § 404 of ERISA, 29 U.S.C. § 1104, which compels fiduciaries to discharge their duties "solely in the interest of the [plan] participants and beneficiaries."[3] The conspiracy allegations state a claim under § 405(a) of ERISA, 29 U.S.C. § 1105(a), which imposes liability on a fiduciary for aiding, concealing or failing to remedy a breach of duty by a co-fiduciary.

2. None of the parties disputes that the Pension Plan and Profit Sharing Plan are "employee benefit plan[s]" within the meaning of § 4 of ERISA, 29 U.S.C. § 1003.

3. *See, e.g., Short v. Junior Steel Co. Employees Pension Plan & Trust,* 317 BNA Pension Reporter A–13 (C.D.Cal. Sept. 18, 1980) (Pfaelzer, J.); *see also Eversole v. Metropolitan Life Insurance Co.,* 500 F.Supp. 1162, 1166 (C.D.Cal. 1980) (Pfaelzer, J.) (Court finds claim alleging bad faith denial of insurance claim states cause of action for breach of fiduciary duty).

4. *Compare Free v. Gilbert Hodgman, Inc.,* 3 EBC 1010 (N.D.Ill. Feb. 4, 1982) (punitive and compensatory damages recoverable against fiduciaries under § 409(a)); *Short v. Junior Steel Co. Employees Pension Plan & Trust,* 317 BNA Pension Reporter A–13 (C.D.Cal., Sept. 18, 1980) (Pfaelzer, J.) (punitive damages recoverable against fiduciaries); *Eaton v. D'Amato,* 291 BNA Pension Reporter D–11 (D.D.C. May 1, 1980) (punitive and compensatory damages available against fiduciary under § 409(a));

## PUNITIVE DAMAGES

■ The cases are split on the issue of whether punitive damages are recoverable under ERISA against plan fiduciaries.[4] I am persuaded by those cases allowing the award of punitive damages in appropriate circumstances.

Section 502(a) of ERISA, 29 U.S.C. § 1132(a), is the civil enforcement section of the Act. Section 502 provides in relevant part:

(a) A civil action may be brought—

\*   \*   \*   \*   \*   \*

2) by the Secretary, or by a participant, beneficiary or fiduciary for *appropriate relief* under § 1109 of this title;

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other *appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan; . . . . [Emphasis added.]

Defendants focus on subsection (a)(3)(B) in arguing that punitive damages are not recoverable because they are not "equitable remedies." Defendants, however, ignore subsection (a)(2) which provides for the recovery of appropriate relief under section

and *Bittner v. Sadoff & Rudoy Industries,* 490 F.Supp. 534 (E.D.Wis.1980) (compensatory and punitive damages recoverable under ERISA), *with Hoskins v. Retirement Plan of Standard Oil,* 78–C3670 (N.D.Ill. Jan. 17, 1982) (punitive damages not recoverable against fiduciary under § 502(a)(3)(B)); *Dependahl v. Falstaff Brewing Corp.,* 653 F.2d 1208 (8th Cir.1981), *cert. denied,* 454 U.S. 968 & 1084, 102 S.Ct. 512 & 641, 70 L.Ed.2d 384 & 619 (1981) (punitive damages not provided for in ERISA (*dictum*)); *Calhoun v. Falstaff Brewing Corp.,* 478 F.Supp. 357 (E.D.Mo.1979) (punitive damages not recoverable under ERISA); *Hurn v. Retirement Fund Trust,* 424 F.Supp. 80 (C.D.Cal.1976) (Hauk, J.) (ERISA provides no cause of action for punitive damages against plan); *Bell v. Southern Oregon Log Scaling and Grading Bureau,* 130 BNA Pension Reporter D–6 (D.Or. Aug. 5, 1976) (general and punitive damages not recoverable against fiduciaries under § 502(a)(3)(B)).

409 of ERISA, 29 U.S.C. § 1109.[5] Section 409(a) provides for liability against fiduciaries for breaches of their duties:

> (a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter, shall be personally liable to make good to such plan any losses to the plan resulting from each such breach and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, *and shall be subject to such other equitable or remedial relief as the court may deem appropriate,* including removal of such fiduciary. [Emphasis added.] [6]

This section gives the Court discretion to fashion appropriate relief. *Free v. Gilbert Hodgman, Inc.,* 3 EBC 1010, 1012 (N.D.Ill. Feb. 4, 1982); *Short v. Junior Steel Co. Employees Pension Plan & Trust,* 317 BNA Pension Reporter A–17 (C.D.Cal. Sept. 18, 1980) (Pfaelzer, J.); *Eaton v. D'Amato,* 291 BNA Pension Reporter D–11, D–13 (D.D.C. May 1, 1980); *Bittner v. Sadoff & Rudoy Industries,* 490 F.Supp. 534, 536 (E.D.Wis. 1980). Although § 409(a) does not expressly provide for the awarding of punitive damages, I find that such an award is within the Court's discretion. This interpretation is consistent with the legislative history to ERISA which indicates that Congress intended the Act to provide "the full range of legal and equitable remedies available in both state and federal courts." H.R. Rep.No. 533, 93d Cong., 1st Sess. 17, *reprinted in* [1974] U.S.Code Cong. & Ad.

News 4639, 4655; Sen.Rep. No. 127, 93d Cong., 1st Sess. 35, *reprinted in* [1974] U.S. Code Cong. & Ad.News 4838, 4871. The legislative history also discloses Congress' intent to codify certain principles of the law of trusts [7] in drafting the fiduciary responsibility section of the Act, and to go even further to protect the plan participants and beneficiaries in other circumstances. H.R. Rep. No. 533 at 11–13, *reprinted in* [1974] U.S.Code Cong. & Ad.News at 4649–51; Sen.Rep. No. 127 at 28–29, *reprinted in* [1974] U.S.Code Cong. & Adm. News at 4864–65; *See also Rosen v. Hotel and Restaurant Employees & Bartenders Union,* 637 F.2d 592, 599 (3d Cir.), *cert. denied,* 454 U.S. 898, 102 S.Ct. 398, 70 L.Ed.2d 213 (1981).

Analogizing the civil enforcement section of ERISA to that of the Landrum-Griffin Act, 29 U.S.C. § 412, further supports the award of punitive damages under ERISA. *See Eaton v. D'Amato,* 291 BNA Pension Reporter D–11, D–13 (D.D.C. May 1, 1980). Section 412 of the Landrum-Griffin Act provides that any person whose rights secured by the provisions of that Act have been infringed may bring a civil action "for such relief (including injunctions) as may be appropriate." As with ERISA, Congress has not expressly provided for the recovery of punitive damages for a violation of that Act. The Ninth Circuit, however, has found such damages recoverable. *Bise v. International Brotherhood of Electrical Workers,* 618 F.2d 1299, 1305 (9th Cir. 1979), *cert. denied,* 449 U.S. 904, 101 S.Ct. 279, 66

---

**5.** Defendants' argument that the Court lacks jurisdiction to award damages under § 409(a) is meritless.

**6.** Defendants cite cases discussing § 706(g) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(g), to support their position that punitive damages are unavailable under ERISA. Section 706(g), like § 502(a)(3)(B) of ERISA, provides for "other appropriate equitable relief." Courts have held that recovery under § 706(g) does not include punitive damages. *See, e.g., Richerson v. Jones,* 551 F.2d 918, 926–928 (3d Cir. 1977). As discussed *infra,* however, I find punitive damages recoverable under § 409, 29 U.S.C. § 1109, which provides for "such other equitable *or remedial*

*relief* as the Court may deem appropriate." [Emphasis added.] *But see Hoskins v. Retirement Plan of Standard Oil,* No. 78–C3670 (N.D. Ill. Jan. 17, 1982); *Bell v. Southern Oregon Log Scaling and Grading Bureau,* 130 BNA Pension Reporter D–6 (D.Or. Aug. 5, 1976).

**7.** *See generally* Bogert, *The Law of Trusts & Trustees* § 862, at 25–27 (2d ed. 1962) (consequential and exemplary damages may be recovered); III Scott, *The Law of Trusts* § 205, at 1665 (3d ed. 1967) (compensatory damages recoverable); 60 Cal.Jur.3d *Trusts* § 185, at 273 (exemplary damages appropriate to recover profits wrongfully acquired and necessary to serve as a deterrent).

L.Ed.2d 136 (1980). The court in *Bise* explained:

> Although the legislative history of the Landrum-Griffin Act is not all that clear (and is probably inconclusive), it may be said that the overall thrust of the Act was to protect the individual rights of union members and to deter abuse and denial thereof by union officers. The awarding of punitive damages will, in proper cases, serve this purpose.

*Id.* at 1305 n. 6.

ERISA is a remedial statute similarly enacted "to protect ... the interests of participants in employee benefit plans and their beneficiaries ... by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions and ready access to the Federal courts." 29 U.S.C. § 1001(b). Unlike the legislative history to the Landrum-Griffin Act, the legislative history to ERISA is not unclear. Congress expressed its intent that the enforcement provisions of the Act "provide the full range of legal and equitable remedies available." Allowing punitive damages in appropriate circumstances is fully consistent with ERISA, and will further the express policy of ERISA to protect the interests of plan participants and beneficiaries by deterring fiduciary misconduct.

Congress has provided a uniform standard of fiduciary conduct in § 404, 29 U.S.C. § 1104, and has provided for civil actions to redress breaches of fiduciary duties in § 502, 29 U.S.C. § 1132. In so doing, Congress preempted state actions that otherwise might have been available. *See* § 514, 29 U.S.C. § 1144. To hold that a plan participant or beneficiary can never recover punitive or compensatory damages under ERISA would immunize plan fiduciaries from liability for their intentional breaches of duty that injure plan participants and beneficiaries. Such a result is inconsistent with the express policy of ERISA.

## COMPENSATORY DAMAGES

Defendants have not cited any cases denying the award of compensatory damages under § 502(a)(2), 29 U.S.C. § 1132(a)(2). I find compensatory damages recoverable under ERISA for the reasons set forth above regarding punitive damages.

## CONCLUSION

Although I express no opinion as to the likelihood of plaintiff's success on the merits, I cannot say that "it appears *beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Plaintiff's right to the relief sought therefore cannot be decided on a motion to dismiss.

IT IS HEREBY ORDERED that defendants' motion to dismiss, or in the alternative to strike, is denied.