Theodore BOBO, Plaintiff,

v.

1950 PENSION PLAN and Dunlop Tire and Rubber Corporation, Defendants.

No. CIV–81–449C.

United States District Court,
W. D. New York.

Oct. 4, 1982.

Lipsitz, Green, Fahringer, Roll, Schuller & James, Buffalo, N.Y. (David B. Herrmann, Jr., Buffalo, N.Y., of counsel), for plaintiff.

Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N.Y. (Paul F. Jones, Buffalo, N.Y., of counsel), for defendants.

CURTIN, Chief Judge.

This is an action for a declaratory judgment brought by the plaintiff pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201. Plaintiff seeks to clarify his rights under the Employment Retirement Income Security Act [ERISA], 29 U.S.C. § 1001 *et seq.,* and to obtain other relief.

Many of the facts are not disputed, and I will briefly set them forth. Plaintiff is a former employee of the Dunlop Tire and Rubber Corporation [Dunlop]. He retired on September 1, 1972, at the age of 46, due to a disability. He began receiving a monthly disability pension of $462. Under the terms of the 1950 Pension Plan, this amount was calculated with the expectation that Mr. Bobo would not be eligible for an award of Social Security disability benefits. Plaintiff contends that he received a telephone call from the head of the Dunlop Personnel Department soon after his benefits began. He was informed that if he did receive a disability award, he was to forward evidence of the award to the Personnel Department.

Plaintiff received a certificate of disability award from the Social Security Administration on or about December 7, 1973. Pursuant to this award, plaintiff was to receive $252.50 per month as of September, 1973.

Mr. Bobo sent a copy of the certificate to the Dunlop Personnel Department. He sent the copy via certified mail and received a card back from the Department marked "Received 1/3/74 Personnel." Plaintiff then continued to receive the two awards simultaneously, for a total of $714.50 per month from September, 1973, until October, 1979.

In June, 1979, the plaintiff was advised that because he had been receiving Social Security disability benefits since September, 1973, his pension would have to be reduced by the amount of the overpayment. In August, 1979, he received a letter which computed the amount of the overpayment of $15,190.00. The defendant informed Mr. Bobo that three alternative methods were available for repayment: lump sum repayment, withholding of pension benefits, or a 50 percent reduction of pension benefits. Mr. Bobo was sent a second letter in September, 1979, informing him that the Employee Benefits Committee would select one method of repayment if Mr. Bobo did not make a choice. A third letter was sent in September, 1979, notifying plaintiff that his pension benefits would be reduced by 50 percent until the entire repayment was recovered.

Defendant then reduced plaintiff's monthly pension from $462.00 to $217.00, deducting the amount of his Social Security award. The pension was further reduced to $122.50 to allow the defendant to recover the overpayment. Defendant informed Mr. Bobo that he would continue to receive this reduced pension through December, 1989.

Plaintiff contends that these actions violate the provisions of ERISA. Plaintiff claims that he is an uneducated man who relied upon the individuals charged with the administration of the 1950 Pension Plan—the trustees—to calculate the correct amount of his pension and to provide him with accurate information regarding his rights and responsibilities under the Plan.

Plaintiff charges that the Plan administrators breached their fiduciary duty by failing to provide Mr. Bobo with material to enable him to understand the provisions of the Plan. Mr. Bobo says that he was never advised that his pension benefits would be reduced to reflect a Social Security disability award until 1979. Further, he claims that the correspondence he received from the defendant was ambiguous and did not adequately inform him of the circumstances. Finally, he argues that the defendant should be estopped from recapturing the alleged overpayment or reducing his pension in any way, since the large amount of the debt was the result of their failure to take any action when Mr. Bobo supplied them with a copy of the award in 1973.

Plaintiff seeks a declaratory judgment stating that he is not indebted to the defendant and that he is entitled to the full amount of the pension benefits. In addition, plaintiff has filed a claim for $50,000 for mental anguish. Plaintiff has demanded a jury trial on all the issues.

At this time, the defendant has moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. In the alternative, the defendant requests that the court strike the jury trial demand and dismiss the claim for damages for mental anguish.

Subject matter jurisdiction over the action is predicated upon section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1). That section provides:

> Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.

■ Section 502(e)(1) of ERISA does not create any substantive rights but is merely a jurisdiction-conferring statute. Defendant argues that plaintiff bases the substance of his cause of action upon section 203 of the Act, 29 U.S.C. § 1053(a). De-

fendant further contends that plaintiff is not entitled to the protection of section 203, because it applies only to individuals who were employees under a Plan at the time of ERISA's effective date, January 1, 1976. Since Mr. Bobo was not employed as of that date, defendant contends he may not state a claim under section 203.

■ The court agrees with the defendant that plaintiff is not entitled to a claim under section 203, since ERISA's vesting provisions were not effective until years after he began receiving his pension. *See Fremont v. McGraw-Edison Co.,* 606 F.2d 752, 755 (7th Cir. 1979); *Haeberle v. Board of Trustees of Buffalo Carpenters,* 624 F.2d 1132, 1137 (2d Cir. 1980). This does not mean, however, that the action must be dismissed.

Plaintiff has asserted a second substantive jurisdictional basis under ERISA, claiming that defendants have violated their fiduciary duties under section 404(a)(1), 29 U.S.C. § 1104(a)(1), by failing to make a timely determination regarding plaintiff's monthly allowance and by allowing him to become accustomed to receiving the higher sum each month. Section 404(a)(1) states:

[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—

(A) for the exclusive purpose of:

(i) providing benefits to participants and their beneficiaries; and

(ii) defraying reasonable expenses of administering the plan.

■ This provision became effective on January 1, 1975. Since the actions complained of by Mr. Bobo did not take place until late 1979, he is entitled to the protection of section 404(a)(1). Taking all of plaintiff's allegations as true, as the court is bound to do in deciding a motion to dismiss, Rules 12 and 56, *Home Insurance Co. v. Aetna,* 528 F.2d 1388 (2d Cir. 1976), the court is satisfied that plaintiff has stated a cause of action under this section and subject matter jurisdiction is thus present under section 502(e)(1).

■ The court finds also that plaintiff has stated sufficient facts to be allowed to press his equitable estoppel claim. Under 29 U.S.C. § 1109(a), persons breaching fiduciary duties "shall be subject to such . . . *equitable or remedial relief* as the court may deem appropriate . . ." (emphasis added).

Plaintiff charges that the defendants were aware of his receipt of Social Security benefits and knew, or should have known, that Mr. Bobo was unaware of the consequences of this receipt. The trustees nevertheless failed to take any action for five years. Again, accepting these allegations as true, equitable relief may be available to Mr. Bobo.

■ The same section of ERISA prevents the dismissal of plaintiff's claim for damages for his mental anguish. The court is aware that there is a question of whether ERISA permits recovery for emotional distress and punitive damages; *compare Dependahl v. Falstaff Brewing Corp.,* 653 F.2d 1208 (8th Cir. 1981), *and Hurn v. Retirement Fund,* 424 F.Supp. 80 (D.C.Cal.1976), *with Eaton v. D'Amato,* Civ. 79–1105 (D.D.C. May 1, 1980); *Bittner v. Sadoff,* 490 F.Supp. 534 (E.D.Wis.1980).

Based upon the language of section 1109(a) and the legislative history cited by the court in *Eaton v. D'Amato, supra,* the court finds that defendants' reading of the Act is unduly restrictive. Plaintiff may therefore continue to press his claim for damages for mental anguish.

The final issue to be addressed is whether plaintiff may demand a jury trial for these claims. Defendant contends that this demand is improper because there is no right to a jury trial under ERISA.

The Seventh Amendment to the United States Constitution preserves a party's right to a jury trial for all "suits at common law." It is well settled that "[t]he Seventh Amendment [applies] to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an ac-

tion for damages in the ordinary courts of law." *Curtis v. Loether,* 415 U.S. 189, 194, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974).

In determining whether an action is "legal" or "equitable" in nature, the court must consider "first, the pre-merger [of law and equity under the Federal Rules] custom with reference to such questions; second, the remedy sought; and, third, the practical abilities and limitations of juries." *Ross v. Bernhard,* 396 U.S. 531, 538 n.10, 90 S.Ct. 733, 738 n.10, 24 L.Ed.2d 729 (1970).

There is a split of opinion among the courts which have applied these factors in cases arising under ERISA. The courts which have denied parties' claims for a jury trial have done so on the grounds that Congress' silence on the jury right issue reflects the intention that pension benefits suits are equitable in nature. The cases hold that actions under ERISA are similar to preexisting actions brought under the law of trusts, which provides essentially equitable remedies and "a legal remedy only with respect to money the trustee is under a duty to pay unconditionally and immediately to the beneficiary." *Wardle v. Central States, Southeast and Southwest Areas Pension Fund,* 627 F.2d 820, 829 (7th Cir. 1980); *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981); *Calamia v. Spivey,* 632 F.2d 1235 (5th Cir. 1980).

A different interpretation has been followed and the opposite conclusion reached by two courts. In *Stamps v. Michigan Teamsters Joint Council No. 43,* 431 F.Supp. 745 (E.D.Mich.1977), the court held that jury trials are available under ERISA. The court relied upon the statutory scheme and the legislative history to ERISA. In particular, the court relied upon the Joint Explanatory Statement of the Committee of Conference, which stated:

> All such actions in Federal or State courts are to be regarded as arising under the laws of the U. S. in similar fashion to those brought under § 301 of the Labor-Management Relations Act of 1947.

H.R.Conf.Rep.No.1280, 93d Cong., 2d Sess., *reprinted in* (1974) U.S.Code Cong. & Admin.News, pp. 4639, 5038, 5107. Since jury trials are available to plaintiffs suing under section 301, the court reasoned that the same rationale would allow for a jury trial under ERISA.

This reasoning was followed by the Honorable Gerard L. Goettel in *Pollock v. Castrovinci,* 476 F.Supp. 606 (S.D.N.Y.1979), and affirmed by the United States Court of Appeals for the Second Circuit in a memorandum decision, 622 F.2d 575 (2d Cir. 1980). The court in *Pollock* found that the plaintiff was entitled to a jury trial regarding her claims that the defendants violated their fiduciary responsibilities and violated sections 403(c)(1), 403(d)(1), 404(a)(1), 406(a)(1)(D), 406(b) of ERISA and that such a right was not available regarding her demand for reformation of the Plan.

Since ERISA is a relatively new statute, this area of the law is still in an evolutionary stage. Because of the unsettled nature of this issue in particular, the court shall not decide the issue at this time. Instead, the jury demand shall remain in the case, and the parties will be directed to submit additional memoranda of law after a trial date has been scheduled.

So ordered.