Norbert A. OGDEN, et al., Plaintiffs,

v.

MICHIGAN BELL TELEPHONE COM-
PANY, a Michigan corporation, and
Dan Grady, Defendants.

Frank M. BERLIN, Plaintiff,

v.

MICHIGAN BELL TELEPHONE COM-
PANY, a Michigan corporation, and
Dan Grady, Defendants.

Nos. 83–CV–0482, 83–CV–0752.

United States District Court,
E.D. Michigan, S.D.

Sept. 30, 1983.

W. Merritt Jones, Jr., Robert B. Steven-
son, Michael Kubacki, Detroit, Mich., Fran-
cis M. Fitzgerald, Mount Clemens, Mich.,
for plaintiffs.

Robert M. Vercruysse, Barbara S. Kend-
zierski, Constance M. Ettinger, Detroit,
Mich., for defendants.

MEMORANDUM OPINION AND ORDER

PHILIP PRATT, District Judge.

Plaintiffs in these actions claim that they
were wrongfully denied certain retirement
benefits, in violation of the Employee
Retirement Income Security Act ("ERI-
SA"), 29 U.S.C. § 1001 *et seq.*, and Michi-
gan common law. Before the Court is de-
fendants' motion for partial dismissal pur-
suant to Fed.R.Civ.P. 12(b)(6). The parties
have briefed the issues and have presented
oral argument to the Court. For the fol-
lowing reasons, defendants' motion is here-
by granted.

The facts as alleged by plaintiffs are as
follows. Defendant Michigan Bell Tele-
phone Company ("Bell") has from time to

time offered its employees additional severance benefits under its Management Income Protection Plan ("MIPP"). Bell has used MIPP selectively to encourage voluntary terminations by its employees, particularly those eligible for early retirement. Whenever Bell's Vice President of Personnel designates a group of employees as affected by a "resizing opportunity", the eligible employees may accept the offer of MIPP benefits at any time within the designated period. After this designated period lapses, MIPP benefits are unavailable until another "resizing opportunity" is announced.

MIPP benefits were first offered to Bell employees in the period between October 1, 1980 and December 1, 1980. Plaintiffs allege that defendant Dan Grady, the fiduciary of MIPP, thereafter informed them that MIPP benefits would never again be made available. He allegedly stated that anyone considering retirement should not wait for another offering of MIPP benefits. Plaintiffs retired from their employment with Bell between March 1, 1982 and June 1, 1982, acting in reliance upon Grady's statements.[1] On June 17, 1982, Bell announced that MIPP benefits would be available to employees who terminated their employment between June 1, 1982 and July 31, 1982. Although more than 800 Bell employees obtained MIPP benefits by accepting this offer, plaintiffs were ineligible for the benefits because of their earlier retirements.

Plaintiffs have brought identical three-count complaints. Count I of each complaint alleges that defendants violated the fiduciary duty imposed by ERISA upon plan fiduciaries. 29 U.S.C. § 1104. In Count II, plaintiffs seek to recover MIPP benefits pursuant to 29 U.S.C. § 1132. In Count III, they allege that defendants' actions violated the Michigan common law of fraud. Defendants have now moved to strike certain portions of plaintiffs' allegations in Count I, and to dismiss Count III.[2]

### A. Count I—Breach of Fiduciary Duty Under ERISA

Plaintiffs have pled their claims in Count I of each complaint in a novel fashion. After an allegation that defendants breached their fiduciary duties, plaintiffs have included six "sub-counts", A through F, which purport to be examples of the ways in which defendants breached their duties. Furthermore, plaintiffs have entitled each of the sub-counts with terms which are commonly associated with common law causes of action. Sub-count A sets forth a claim based on "equitable estoppel". Sub-count B alleges a "breach of employment contract". Sub-count C alleges a "breach of contract to retire". Sub-count D sets forth a claim based on "promissory estoppel". Sub-count E sets forth a claim based on "innocent misrepresentation". Finally, sub-count F sets forth a claim of "negligence".

The parties agree that the administration of MIPP was subject to the requirements of ERISA. They further agree that ERISA preempts state laws regulating employee benefit plans.[3] Plaintiffs contend that sub-counts A through F do not constitute state law claims, but instead allege facts which would tend to show a breach of fiduciary duty under ERISA. They argue that a body of federal common law has developed to augment the requirements found in ERISA. *See, e.g., Woodfork v. Marine Cooks & Stewards Union,* 642 F.2d 966 (5th Cir. 1981). They further argue that the federal courts must refer to state common law in

---

**1.** Civil Action 83–0482 is styled as a class action on behalf of all Bell employees who terminated their employment between December 1, 1980 and June 1, 1982, and who would have been eligible for MIPP benefits if they had terminated between June 1, 1982 and July 31, 1982.

**2.** The Court has previously denied defendants' motion to dismiss Count II.

**3.** 29 U.S.C. § 1144(a) provides as follows:

Except as provided in subsection (b) of this subsection, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ...

developing the federal common law on this subject, and that they have attached the titles to each sub-count found in Count I for that reason.

Defendants have moved to strike from the complaint sub-counts B, C, D, and E. The Court finds that the allegations in those sub-counts do not state a claim for a breach of fiduciary duty under ERISA, and that defendants' motion must therefore be granted.

■ While a body of federal common law may be developing on the subject of employee benefit plans, the content of that body of law obviously must conform to the requirements of ERISA. 29 U.S.C. § 1104 establishes the following duties for plan fiduciaries:

(a)(1) Subject to sections 1103(c) and (d), 1342, and 1344 of this title, a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—

(A) for the exclusive purpose of:

(i) providing benefits to participants and their beneficiaries; and

(ii) defraying reasonable expenses of administering the plan;

(B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

The statute creates two distinct duties. First, the fiduciary must discharge his duties solely in the interest of the plan's participants, and for the exclusive purpose of providing benefits and defraying the costs of administering the plan. Second, the fiduciary must perform his duties with reasonable care.

The scope of these duties was more fully defined in *Fentron Industries, Inc. v. National Shopmen Pension Fund*, 674 F.2d

1300 (9th Cir.1982). In that case, the court of appeals affirmed the district court's holding that the defendant fund had violated 29 U.S.C. § 1053(c)(1)(B) by cancelling certain vested benefits. The district court had also held that the plan fiduciaries had violated the fiduciary duty imposed by 29 U.S.C. § 1104(a). The court of appeals reversed this portion of the district court's order, stating:

[A] trustee may be found to have violated his fiduciary duty only when his or her action was "made in bad faith, or upon lack of a factual foundation, or when unsupported by substantial evidence." *Tomlin v. Board of Trustees*, 586 F.2d 148, 150 (9th Cir.1978).

*Id.* at 1307.

■ Measured against this standard, plaintiffs have not stated a claim in sub-counts B, C, D, and E. In sub-counts B and C, plaintiffs allege that defendants breached a contract to the effect that plaintiffs would lose no additional benefits by retiring when they did. In sub-counts D and E, plaintiffs allege that defendants led them to believe that MIPP benefits would never again be made available. In none of these sub-counts have plaintiffs alleged that defendants acted in bad faith or upon lack of a factual foundation. Having failed to allege either bad faith or negligence in these sub-counts, plaintiffs have not alleged a violation of 29 U.S.C. § 1104(a). Defendants' motion to strike these allegations from the complaint is therefore granted.[4]

### B. Count III—Common Law Fraud

Count III of plaintiffs' complaint sets forth a claim of common law fraud. Plaintiffs allege that defendants made false statements concerning the future availability of MIPP benefits. They allege that defendants made these statements intentionally or recklessly. They allege that they relied on these statements to their detri-

---

**4.** Defendants have also moved to strike the titles of "equitable estoppel" and "negligence" from sub-counts A and F. With the clarification that these titles do not refer to common law causes of action but only to an alleged breach of the statutory fiduciary duty, the court discerns no need to strike the titles.

ment, and they seek to recover actual and punitive damages.

Defendants have moved to dismiss this count on the ground that it is preempted by ERISA. As noted above, 29 U.S.C. § 1144(a) provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ...". Despite the apparently clear language of the statute, the precise scope of preemption under ERISA is a matter which is still subject to dispute. Indeed, in the only reported case involving a claim of common law fraud in the administration of a plan governed by ERISA, the court held that such a claim was not preempted. In *Provience v. Valley Clerks Trust Fund,* 509 F.Supp. 388 (E.D. Cal.1981), plaintiff claimed that the officers of the defendant trust fund had fraudulently misrepresented the nature of benefits available under the plan. He brought an action under ERISA, and added a claim based on common law fraud. The court held that his common law fraud claim was not preempted by ERISA. The court's rationale was that the law of fraud was a law of general application and a matter of important state concern, and that it did not directly regulate the administration of the plan.

Although *Provience, supra,* is the only reported case involving the possible preemption of a common law fraud claim, there is an extensive body of case law concerning the preemption of tort claims generally under ERISA. A review of that case law indicates that *Provience* represents a minority view and should not be followed in the case at bar.

The majority view on the scope of preemption under ERISA was set forth in *Dependahl v. Falstaff Brewing Corp.,* 653 F.2d 1208 (8th Cir.1981), *cert. denied,* 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981). Plaintiffs in that case brought a claim for common law tortious interference with contract. They argued that such a claim was not inimical to the overall purpose of ERISA. The court rejected this argument and held that the common law claim was preempted. The court held that state law claims are preempted if two conditions are satisfied: (1) Congress has indicated its intent to "occupy the field" in the subject being regulated; and (2) Congress has provided a remedy for the wrong alleged.

■ Each of these conditions is clearly satisfied in the case at bar. First, Congress unambiguously indicated in 29 U.S.C. § 1144(a) its intent to "occupy the field". Second, if defendants did fraudulently misrepresent that MIPP benefits would no longer be available, they arguably violated two provisions of ERISA. They violated their fiduciary duty under 29 U.S.C. § 1104 to administer the plan solely in the interest of its participants. *See Jiminez v. Pioneer Diecasters,* 549 F.Supp. 677 (C.D.Cal.1982) (where plaintiff alleged that defendants had conspired to deprive him of pension benefits, he stated a claim for breach of fiduciary duty under 29 U.S.C. § 1104). In addition, they arguably violated their duty under 29 U.S.C. § 1024(b) to release to participants pertinent information concerning the plan.

Moreover, ERISA expressly provides plaintiffs a remedy for any such violations. Under 29 U.S.C. § 1109(a), the Court is authorized to grant "such equitable or remedial relief as the court may deem appropriate" upon finding a breach of fiduciary duty. It has been held that such relief may include damages for mental anguish, *Bobo v. 1950 Pension Plan,* 548 F.Supp. 623 (W.D. N.Y.1982), and punitive damages. *Jiminez, supra.*[5]

---

**5.** Plaintiffs candidly concede that they brought their fraud claim to ensure the availability of punitive damages. As they note, there is a split of authority among the federal courts as to the availability of punitive damages under ERISA. *Cf. Dependahl v. Falstaff Brewing Corp., supra.* This issue is not currently before the Court, and the Court therefore intimates no

view as to whether such damages are properly recoverable under ERISA. The Court notes only that if punitive damages are *not* available under ERISA, this constitutes further justification for the preemption of a common law fraud claim. Where Congress has provided a remedy and has preempted state laws, an inconsistent

Plaintiffs rely heavily upon *Linn v. United Plant Guard Workers of America,* 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966), in which the Court held that a common law claim for defamation was not preempted by the federal labor laws. The Court relied upon four factors in its holding; at least two of those factors are not present in the case at bar. The third factor [6] which influenced the Court in *Linn* was that a state cause of action for defamation would not interfere with federal labor policy. In the case at bar, applying the common law of fraud to plan fiduciaries could well interfere with federal policy concerning employee benefit plans. As noted above, ERISA establishes standards for the conduct of plan fiduciaries. Applying different standards under state law would be contrary to federal policy; even the application of a *more* stringent standard under state law "might deter capable persons from serving as trustees for these plans." *Fentron Industries, Inc. v. National Shopmen Pension Fund,* 674 F.2d 1300, 1307 (9th Cir.1982). The fourth factor was that federal labor law did not provide a remedy for defamation. In the case at bar, in contrast, ERISA expressly provides a remedy for the breach of fiduciary duty alleged by plaintiffs.

In sum, Congress has unequivocally indicated that ERISA preempts all state laws concerning employee benefit plans. In addition, ERISA provides a remedy for the breach of fiduciary duty which is alleged by plaintiffs in the case at bar. Accordingly, plaintiffs' claim for common law fraud is preempted by ERISA. *Dependahl, supra.* Defendants' motion to dismiss Count III is therefore granted.

IT IS SO ORDERED.

---

remedy available under state law is surely preempted.

**6.** The first factor was that defamation was not protected under the National Labor Relations Act, 29 U.S.C. § 151 *et seq.;* the second factor was that the state's interest in protecting its citizens from defamation was "deeply rooted in local feeling and responsibility." *Id.,* 383 U.S. at 62, 86 S.Ct. at 663.