Arthur **JAMES**, Appellant,

v.

**PROVIDENT NATIONAL ASSURANCE COMPANY, Appellee.**

Court of Appeals of Tennessee, Eastern Section.

July 12, 1993.

Permission to Appeal Denied by Supreme Court Nov. 1, 1993.

Ben W. Hooper, II, Newport, for appellant.

J. Eddie Lauderback, Johnson City, for appellee.

## OPINION

FRANKS, Judge.

Plaintiff appeals a judgment for defendant, insisting that he either has a breach of contract action at common law against defendant, or is entitled to recover pursuant to the Employment Retirement Income Security Act of 1974 [ERISA], 29 U.S.C. § 1001, *et seq.*

Plaintiff had been employed by Wall Tube & Metal Products Company from 1957 to 1983, when he became disabled. In 1984 he asserts he sent a letter by certified mail from Wall Tube Administrator, Bruce Havens, to the employer's insurer, Provident Life Insurance Company, to initiate payment of plaintiff's disability benefits. Provident claims that it never received the appropriate authorization form from Havens and consequently did not pay benefits to plaintiff.

Wall Tube & Metal had transferred its retirement and disability benefits from Travellers to Provident in January of 1983, and had two contracts with Provident: an investment contract in which defendant guaranteed a fixed return on Wall Tube's retirement funds; an administrative services contract wherein Provident paid out funds to specific employees, when instructed to do so by the employer. According to the uncontroverted testimony of William Scoville, Director of Annuities for Provident, his company had no discretionary control over the plan assets. After Wall Tube went into bankruptcy in the mid–1980's, Provident turned over the retirement funds to the bankruptcy trustee. Realizing after the fact that some 31 employees would stop receiving retirement benefits, Wall Tube asked the bankruptcy court to release enough funds to the new insurer, Massachusetts Mutual, to cover the 31 employees. Because plaintiff was not retired, but was disabled, he was not included in this list of employees.

■ The common law cause of action urged by plaintiff relates to his employee benefit plan, and falls within ERISA's express preemption clause. In *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), an employee brought tort and contract actions against his employer's insurance company for improperly processing his claim for benefits. A unanimous Court held that Congress clearly intended for the civil enforcement provisions of ERISA to be the exclusive vehicle for such actions. 481 U.S. at 52, 107 S.Ct. at 1555. The purpose of ERISA is to:

> protect ... participants in employee benefits plans ... by requiring the disclosure and reporting to participants ... of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts. § 2 as set forth in 29 U.S.C. § 1001(b).

■ The savings clause exempts laws that expressly "regulate insurance", but a state law that purports to regulate insurance cannot circumvent preemption by calling an em-

ployee benefit plan an insurance company. *Id.* 481 U.S. at 47, 107 S.Ct. at 1552.

Under *Pilot Life*'s analysis, plaintiff's claims under Tennessee Common Law are preempted. The common law claims "relate to" the employee benefit plan because they are grounded in the notion that plaintiff's benefits were incorrectly processed. But for the Provident plan, there would be no relation between plaintiff and Provident.

■ As in *Pilot Life*, the tort and contract actions on which plaintiff relies arise out of general common law principles, not out of specific indicia that Tennessee thus seeks to regulate the insurance industry. Hence, the claims do not fall within the savings clause. *Id.* 481 U.S. at 48–51, 107 S.Ct. at 1553–54.

■ Finally, the broad expression of Congressional intent in ERISA is to allow its civil enforcement provisions to be the exclusive remedy in such cases. *Id.* 481 U.S. at 52, 107 S.Ct. at 1555.

Nor does plaintiff's reliance on *Perry v. P\*I\*E Nationwide, Inc.*, 872 F.2d 157 (6th Cir.1989), *cert. denied*, 493 U.S. 1093, 110 S.Ct. 1166, 107 L.Ed.2d 1068 (1990) or on *Isaac v. Life Investors Insurance Co.*, 749 F.Supp. 855 (E.D.Tenn.1990) change the result.

In both cases, plaintiffs alleged that they had been fraudulently induced to join in an employee benefit plan that then failed to yield the promised results. The Court held that some common law claims were preempted but that others were not, because Congress had not provided an explicit remedy for the wrongs asserted.

*Isaac* describing a split in the circuits on whether preemption occurs when no federal remedy is available, observed:

"... [B]y adding the requirement that there be no preemption of a State cause of action unless Congress has provided a remedy ... the Sixth Circuit may have added an ingredient to the preemption issue that is nowhere mentioned by the Supreme Court in its most recent ERISA preemption cases. 749 F.Supp. at 863."

Unlike plaintiffs in these cases, plaintiff herein was clearly a "plan participant". His employer simply did not authorize release of funds under the insurer's rules. Moreover, plaintiff's circumstance falls squarely within the holding of *Pilot Life.*

■ Finally, Provident cannot be properly categorized as a "fiduciary" under ERISA, based on the evidence. In *Flacche v. Sun Life Assurance Co.*, 958 F.2d 730 (6th Cir.1992), a retiree who had earlier received artificially high benefits and relied on their continuance sued his former employer's insurer when benefits were reduced. Initially, plaintiff sued under State law for breach of contract and promissory estoppel. When the trial court held that State claims were preempted, plaintiff sued the insurer for breach of its fiduciary duty under ERISA. The Trial Court held that facts did not support the ERISA claim and the 6th Circuit agreed. Under 29 U.S.C. § 1002(21), a fiduciary must exercise discretionary authority or control on management or disposition of plan assets or render investment advice with respect to money or property of a plan, or have discretionary authority over plan's administration. 958 F.2d at 734. Moreover, Department of Labor guidelines on ERISA fiduciaries state that a person who performs purely ministerial functions for an employee benefit plan within a framework of policies, interpretations, rules, practices and procedures made by other persons is not a fiduciary. *Id.* at 734–35. Mere payment of claims or sale of annuity contracts does not render an insurer a "fiduciary" within the meaning of ERISA.

The foregoing analysis applies in this case. Provident performed ministerial functions at Wall Tube's direction. The fiduciary duty ran not from Provident but from Wall Tube, whose administrators handled the administration of the plan to plaintiff's detriment.

Accordingly, we affirm the judgment of the Trial Court for the reasons herein stated, and remand at appellant's cost.

SANDERS, P.J., (E.S.), and GODDARD, J., concur.