**Affirm and Opinion Filed December 13, 2019**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00066-CR

**BRIAN DEAN EPPS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1776544-V**

# MEMORANDUM OPINION

Before Justices Bridges, Molberg, and Partida-Kipness
Opinion by Justice Molberg

Brian Dean Epps entered an open plea of guilty to possession of child pornography, and the trial court sentenced him to eight years' imprisonment. In a single issue, Epps argues the trial court lacked jurisdiction to hear the case because it was not properly transferred to its docket. The State asserts in a cross-issue that this Court should modify the trial court's judgment to reflect Epps is required to register as a sex offender.

We modify the judgment to correctly reflect Epps is required to register as a sex offender. We affirm the trial court's judgment, as modified.

## BACKGROUND

Epps was charged by indictment with possession with intent to promote child pornography. The indictment was returned to Criminal District Court Number Five of Dallas County, Texas.

The case appeared on the docket of the 292nd Judicial District Court, Dallas County, Texas. Epps entered an open plea of guilty to the reduced charge of possession of child pornography. In so doing, Epps signed a judicial confession in open court, in which he stated he "committed the offense with which I stand charged exactly as alleged in the indictment in this cause." Epps' attorney, the prosecutor, and the trial court signed Epps' judicial confession. Upon approval of Epps' judicial confession, the trial court sentenced Epps to eight years' imprisonment.

## ANALYSIS

In his sole issue on appeal, Epps asserts that, because there is no transfer order in the record, the trial court lacked jurisdiction to hear his case and render a judgment. Article 4.16 of the Texas Code of Criminal Procedure provides that when two or more courts have concurrent jurisdiction, the court in which the indictment was filed shall retain jurisdiction. TEX. CODE CRIM. PROC. ANN. art. 4.16. However, a case may be transferred from one court to another by obtaining the consent of the judge to which the case is transferred and by the entry of a transfer order. *Garcia v. State*, 901 S.W.2d 731, 732 (Tex. App.—Houston [14th Dist.], pet. ref'd); *see also Bandy v.* State, No. 05-96-00329-CR, 1998 WL 252146, at *4 (Tex. App.—Dallas May 20, 1998, no pet.) (not designated for publication).

Epps argues the lack of a transfer order in the record renders the judgment void, and it is a defect that may be raised for the first time on appeal. However, such a procedural error does not render the proceedings in the second court void, but only voidable. *Davis v. State*, 956 S.W.2d 555, 559 (Tex. Crim. App. 1997). Epps was required to make a timely plea to the jurisdiction in the trial court in order to preserve the issue for appeal. *Fain v. State*, 986 S.W.2d 666, 671 (Tex. App.—Austin 1998, pet. ref'd); *see also Finch v. State*, No. 05-15-00793-CR, 2016 WL 2586142, at *8 (Tex. App.—Dallas May 4, 2016, pet. ref'd) (mem. op., not designated for publication). As

he did not do so, he waived any complaint of error on appeal.  We resolve Epps' sole issue against him.

<center><em>State's Cross-Issue</em></center>

In a single cross-issue, the State requests that we modify the judgment to reflect that Epps is required to register as a sex offender.

We may modify the trial court's judgment to make the record speak the truth when we have the necessary information to do so.  TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 25, 31 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).  Epps was convicted of possession of child pornography, an offense that is subject to the sex offender registration requirements of chapter 62 of the Texas Code of Criminal Procedure. TEX. PENAL CODE ANN. § 43.26; TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(B).  The judgment, however, erroneously states the sex offender registration requirements do not apply to Epps. Accordingly, we modify the judgment to reflect Epps is required to register as a sex offender.

We resolve the State's cross-issue in its favor.  We affirm the trial court's judgment, as modified.

<div style="margin-left:50%">

/Ken Molberg//
_____
KEN MOLBERG
JUSTICE

</div>

190066f.u05

Do Not Publish
TEX. R. APP. P. 47



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

BRIAN DEAN EPPS, Appellant

No. 05-19-00066-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1776544-V.
Opinion delivered by Justice Molberg.
Justices Bridges and Partida-Kipness participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED, AS MODIFIED**.

Judgment entered this 13th day of December, 2019.