**Joseph B. X. SMITH, Petitioner,**

v.

**Dr. Stanley BLACKLEDGE, Warden, Central Prison, et al., Respondents.**

**No. 71–2136.**

United States Court of Appeals,
Fourth Circuit.

Dec. 8, 1971.

Joseph B. X. Smith, pro se.

Before HAYNSWORTH, Chief Judge, SOBELOFF, Senior Circuit Judge, and RUSSELL, Circuit Judge.

SOBELOFF, Senior Circuit Judge:

Appellant, currently incarcerated in the North Carolina Central Prison, brought a *pro se* suit under 42 U.S.C. § 1983 against the prison authorities to obtain a declaratory judgment that his constitutional rights had been infringed. He also sought ten million dollars in damages. Plaintiff's original complaint alleged that the defendants violated his right to the free exercise of the Black

Muslim religion. The defendants moved to dismiss the complaint under F.R.Civ. P. Rule 12(b) (6) for failure to state a claim upon which relief could be granted, and in a supporting memorandum alleged facts controverting those set forth in the plaintiff's pleading. The District Judge granted defendants' motion and dismissed the complaint.

## I

Since the motion to dismiss was supported by facts outside the pleading, it should have been treated as a motion for summary judgment. F.R. Civ.P. Rule 12(b). Thus, the standards set out in Rule 56(c) apply, which provides that summary judgment may not be granted if there is a "genuine issue as to any material fact." Although we agree that dismissal was proper as to some of the claims, the District Judge should not have dismissed those that required resolutions of fact.

Plaintiff asserted that the prison did not treat the Black Muslim minister as they did white clergymen, in that white ministers who serve the inmates were paid by the state, while the Black Muslim minister was not. Consequently, the complaint alleged, the Black Muslim minister who lived in Durham, North Carolina, discontinued his visits to the prison. The defendants, in their memorandum supporting the motion to dismiss, argued that they dealt with all ministers equally, and that the Black Muslim minister ceased coming for other reasons. In dismissing this portion of the complaint, the District Judge simply accepted the defendants' recitals of fact. But since a factual dispute remained—whether the prison was open to the Muslim minister on the same basis

as to chaplains of other faiths—this claim could not be resolved without a trial.[1]

The facts were also in controversy in respect to another of plaintiff's claims —whether the prison officials under a newly established "screening" policy had refused to approve the applications of some inmates who wished to be added to the Black Muslim roster and thereby become associated in religious services with other inmates of their faith. Plaintiff alleged that none of the applicants who submitted their names had been approved; the defendants claimed that "some" had been approved. Even though both parties debated the facts, the District Court's memorandum decision ordering dismissal entirely failed to deal either with the factual dispute or with whether the defendants' action amounted to an infringement of plaintiff's constitutional rights. On remand these issues must receive consideration.

## II

The District Judge also failed to pass upon certain additional claims which plaintiff presented after the filing of the defendants' motion to dismiss. Among these were new claims of deprivation of religious freedom and charges that the prison officials interfered with plaintiff's right to secure and communicate with counsel. These claims were set out in a 36-page, handwritten document, which, although denominated as one to "Further Particularize" the complaint, was regarded by the District Judge as merely a response to defendants' motion to dismiss. Consequently, the new claims were ignored. But it should have been considered an amendment to the complaint. Such an amendment is permissible and could be made

---

1. As thoughtfully explained by the late Judge Parker of this court:

It is only where it is perfectly clear that there are no issues in the case that a summary judgment is proper. Even in cases where the judge is of the opinion that he will have to direct a verdict for one party or the other on the issues that have been raised, he should ordinarily hear the evidence and direct a verdict rather than attempt to try the case in advance on a motion for summary judgment * * *. Pierce v. Ford Motor Co., 190 F.2d 910, 915 (4th Cir.), cert. denied, 342 U.S. 887, 72 S.Ct. 178, 96 L.Ed. 666 (1951).

without leave of the court.[2] The District Judge, in dismissing the complaint after the filing of the plaintiff's more particularized pleading, was making a judgment on the merits of the entire case, thereby terminating plaintiff's right to be heard at trial on his additional claims. While we make no decision concerning the merits of plaintiff's new allegations, we remand to the District Judge for further proceedings on the complaint as amended.

### III

It appears that plaintiff's request for appointed counsel was denied by the District Judge. In his appellate brief, plaintiff refers to a letter he received from the Judge which purportedly states that the request was denied because in civil suits there are no provisions allowing for the appointment of counsel. If this was indeed the District Judge's view, it was mistaken. The Judicial Code, 28 U.S.C. § 1915(d), vests the court with discretion to appoint counsel for an indigent in a civil action. Bowman v. White, 388 F.2d 756 (4th Cir.), cert. denied, 393 U.S. 891, 89 S.Ct. 214, 21 L.Ed.2d 172 (1968). If the District Judge was proceeding under this erroneous view of the law, his judgment would be subject to reversal and remand. See United States v. Williams, 407 F.2d 940 (4th Cir. 1969); United States v. Wilson, 450 F.2d 495 (4th Cir. 1971). If the error did in fact occur, it can be remedied by the District Judge himself on the remand.

Leave to proceed in forma pauperis in this court is granted. The court finds oral argument is unnecesary. The order of the District Court is

Affirmed in part and reversed in part. and the case is remanded.

---

2. Rule 15(a) gives plaintiff the freedom to amend his complaint once as a matter of course before the filing of a "responsive pleading." The motion to dismiss was not a responsive pleading for the purpose of Rule 15(a), and thus plaintiff could still amend without leave of the court after the motion to dismiss had been made. 3 Moore, Federal Practice (2d ed.) ¶ 15.07[2] at 851-52; 6 Wright, Federal Practice and Procedure §§ 1475, 1483.