George W. FULK, Plaintiff,

v.

**HARTFORD LIFE INSURANCE COMPANY (ITT Hartford Insurance Group) and Tultex Corporation, Defendants.**

No. 6:93CV00071.

United States District Court,
M.D. North Carolina,
Greensboro Division.

Dec. 10, 1993.

complaint and begun the proceedings again by filing an Information.

James H. Kelly, Jr. and Edwin W. Bowden of the firm Petree Stockton, Winston–Salem, NC, for plaintiff.

H. Grady Barnhill, Jr. and Debbie Weston Harden of the firm Womble, Carlyle, Sandridge & Rice, Winston–Salem, NC, for Hartford.

John Brendan Kelly and A. Todd Brown of the firm Hunton & Williams, Raleigh, NC, for Tultex.

## MEMORANDUM OPINION
## AND ORDER

HIRAM H. WARD, Senior Judge.

This matter comes before the Court on plaintiff's Motion to Amend the complaint, plaintiff's motion to strike defendant Tultex's (Tultex) response to plaintiff's motion to amend, defendant Hartford's (Hartford) Motion to Amend its cross-claim, Tultex's Motion to Dismiss Hartford's cross-claims, defendants' joint Motion to Sever the cross-claims, and Tultex's Motion to Dismiss the complaint. For the reasons stated herein, the Court will grant plaintiff's Motion to Amend the complaint, deny plaintiff's Motion to Strike Tultex's response to plaintiff's motion to amend, stay Hartford's Motion to Amend the cross-claim, stay Tultex's Motion to Dismiss Hartford's cross-claim, grant defendants' joint Motion to Sever the cross-claims and deny Tultex's Motion to Dismiss the complaint.

## FACTS

Tultex has moved to dismiss plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim and thus plaintiff's factual allegations will be taken as true for the purposes of this opinion. Plaintiff was employed by Tultex until July 31, 1986. Prior to July 31, 1986, plaintiff began experiencing unusual health problems, most notably urinary incontinence and dizziness, including the loss of consciousness on at least one occasion. Plaintiff discussed his health problems with his physician, and was told that his dizziness symptoms would improve if he were not confined to a desk all day. Because plaintiff was forced to keep odd office hours due to his urinary incontinence, and because plaintiff's dizziness bothered him at work, plaintiff decided to leave Tultex's employ, effective July 31, 1986. Plaintiff was concerned about his health at the time of his decision to leave Tultex, therefore plaintiff entered into a contractual agreement with Tultex whereby Tultex agreed to cover plaintiff under a long-term disability policy provided by defendant Hartford through January 31, 1987.

Soon after leaving Tultex, plaintiff again lost consciousness, and was immediately hospitalized where he underwent numerous neurological tests. Doctors concluded that plaintiff was suffering from an autonomic nervous system disorder of an unknown origin. On January 28, 1987 plaintiff wrote to Tultex, as administrator and sponsor of Hartford's disability plan, describing in detail his medical problems and asking Tultex to advise him as to whether "there is anything I should do at the present time under the provisions of the long-term disability policy which expires for me on January 31, 1987 under my employment agreement."

Plaintiff explained that he did not have a copy of Hartford's policy. On February 5, 1987 Tultex responded that plaintiff must become permanently and totally disabled while the insurance is in effect and that "it doesn't appear that your medical problem would fit this definition." Relying on Tultex's response, plaintiff declined to make a claim for disability benefits under Hartford's policy.

Plaintiff's medical condition worsened and in 1988 plaintiff was finally diagnosed as suffering from Shy–Drager Syndrome, a rare neurological disease which ultimately results in death. Plaintiff's urinary incontinence and dizziness conditions were direct symptoms of this debilitating disease. On September 3, 1991, plaintiff wrote to Tultex, requesting a copy of Hartford's disability policy. Upon receiving the policy, plaintiff discovered that an insured is entitled to benefits when he becomes "totally disabled" rather than "permanently and totally disabled," as Tultex had previously advised. Plaintiff also discovered that Hartford's policy broadly defines "totally disabled" as meaning "that you are unable, solely because of accidental bodily injury or sickness, to engage in all the material and substantial duties of your occupation."

Plaintiff thereafter wrote to Tultex indicating that Tultex should have submitted a long-term disability claim on his behalf and asking Tultex to equitably resolve the matter. Tultex responded by requesting that plaintiff submit a claim for benefits with Hartford, which plaintiff did on February 28, 1992. Hartford declined plaintiff's claim on March

16, 1992 on the grounds that plaintiff's coverage expired on July 31, 1986 when he left Tultex, regardless of Tultex's contractual promise that plaintiff would be covered through January 31, 1987.

This action was filed on February 3, 1993 alleging the following causes of actions against defendants: breach of fiduciary duty, liability for breach of co-fiduciary duty, liability for benefits due under terms of plan, breach of contract, fraud/negligent misrepresentation, attorneys' fees and costs, and equitable relief. There are several motions currently before the court and each motion will be addressed separately. Plaintiff has moved to amend the complaint and to strike Tultex's response to plaintiff's motion to amend. Hartford has filed cross-claims against Tultex and has moved to amend the cross-claims. Tultex has filed a motion to dismiss the cross-claims. Both defendants have moved to sever the cross-claims from the primary action. Tultex has also moved to dismiss plaintiff's complaint on four separate grounds and each ground for dismissal will be individually addressed below.

## I. PLAINTIFF'S MOTION TO AMEND THE COMPLAINT IS GRANTED.

Plaintiff has moved to amend the complaint against Tultex and Hartford. The standard of review for a motion to amend depends on the status of the claim with respect to each defendant; therefore each defendant will be addressed separately.

### A. Plaintiff is allowed to amend the complaint against Tultex as a matter of right.

[1] Plaintiff is seeking to add certain allegations and causes of action against Tultex. According to Fed.R.Civ.P. 15(a), "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Tultex has filed a motion to dismiss but has not filed an answer. A motion to dismiss is not a responsive pleading for the purpose of Rule 15(a). *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971). Since a responsive pleading to the complaint has not been filed by Tultex, plaintiff may amend the complaint as a matter of

right. Thus, plaintiff's motion to amend the complaint as against Tultex will be granted.

### B. Plaintiff is allowed to amend the complaint against Hartford since there is no prejudice.

■ Unlike Tultex, Hartford has filed a responsive pleading in the form of an answer. Therefore Fed.R.Civ.P. 15 will only allow plaintiff to amend by leave of court. However, Rule 15 requires that leave of court shall be "freely given when justice so requires." Hartford will not be prejudiced by the amendment since the motion to amend was filed before discovery had begun and plaintiff is not alleging any new causes of action against Hartford. There also appears to have been no bad faith involved on the part of plaintiff. Since Hartford will not be prejudiced and there was not bad faith on the part of plaintiff, the motion to amend the complaint as against Hartford will be granted.

## II. PLAINTIFF'S MOTION TO STRIKE TULTEX'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND IS DENIED.

■ Plaintiff claims that Tultex violated Rule 15(a) of the Federal Rules of Civil Procedure and Local Rule 203(g) by filing a memorandum of law entitled "Defendant Tultex Corporation's Memorandum of Law in Reply to Plaintiff's Response to Tultex's Motion to Dismiss and Defendant Tultex Corporation's Memorandum of Law in Response to Plaintiff's Motion to Amend Complaint". Plaintiff contends that Tultex has no right to oppose the motion to amend the complaint since the amendment is as of right and not discretionary. Even if the opposition is futile and the motion to amend must be granted, Local Rule 203(a) allows Tultex to file a brief in opposition to the motion if it so chooses. Therefore Rule 15(a) is not violated.

Plaintiff also contends that Local Rule 203(g) has been violated since Tultex's memorandum of law in opposition to plaintiff's amendment was in reality an attempt to reallege and reargue the identical arguments set out in Tultex's motion to dismiss. Tultex combined a reply memorandum with a response memorandum in what appears to be

an attempt to circumvent Local Rule 203(g). This tactic appears to violate the spirit, if not the letter of the rule, and counsel for Tultex should be cautioned against similar future actions.

Plaintiff's motion to strike Tultex's memorandum is denied. Because plaintiff's motions to amend has been granted and because the "reply" section of Tultex's brief contained no new arguments, striking the memorandum will serve no purpose.

## III. DEFENDANTS' MOTION TO SEVER THE CROSS–CLAIMS IS GRANTED.

Hartford has filed several cross-claims against Tultex and has also moved to amend the same cross-claims. Tultex has responded by moving to dismiss the cross-claims. However, Hartford and Tultex have jointly moved to sever the cross-claims from the primary action pursuant to Fed.R.Civ.P. 42(b). Defendants state that the motion to sever is an attempt to increase judicial efficiency and economy and should be granted. Hartford's cross-claims are solely based on indemnification and contribution from Tultex in the event that Hartford is found liable to plaintiff. If Hartford is not found liable to plaintiff, then the cross-claims against Tultex will be moot. Since it is possible that the cross-claims will never become an issue and both defendants agree to the severance, any consideration of the cross-claims prior to a determination of liability would be an ineffective use of the Court's time. Therefore, the joint motion to sever the cross-claims will be granted and the action on the cross-claims will be stayed pending the resolution of plaintiff's claims. Tultex's motion to dismiss the cross-claims and Hartford's motion to amend the cross-claim will also be stayed pending the resolution of plaintiff's claims.

1. Section 502(a)(2) as codified in 29 U.S.C. § 1132(a)(2), provides: (a) Persons empowered to bring a civil action. A civil action may be brought * * * (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title ...

2. Section 409(a) as codified in 29 U.S.C. § 1109(a), provides: (a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall

## IV. TULTEX'S MOTION TO DISMISS THE COMPLAINT IS DENIED.

### A. Plaintiff has alleged sufficient standing to assert the ERISA § 1132 claims.

Tultex claims that plaintiff does not have standing to assert this action for his own benefit following the decision in *Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). In *Russell,* a beneficiary sought compensatory and punitive damages under section 502(a)(2)[1] of ERISA claiming a cause of action under section 409(a)[2] for the improper or untimely processing of her claim for employee disability benefits. *Russell* at 138, 105 S.Ct. at 3088.

The issue in *Russell* was whether, under ERISA, "a fiduciary of an employee benefit plan may be held personally liable to a plan participant or beneficiary for extracontractual compensatory or punitive damages caused by improper or untimely processing of benefit claims." *Id.* at 136, 105 S.Ct. at 3086. The Court noted that "[b]ecause respondent relies entirely on § 409(a), and expressly disclaims reliance on § 502(a)(3), we have no occasion to consider whether any other provision of ERISA authorizes recovery of extracontractual damages." *Id.* at 138, 105 S.Ct. at 3088.

The Supreme Court analyzed the language in sections 409(a) and 502(a)(2) and held that Congress intended that actions brought pursuant to these sections be on behalf of the plan as a whole rather than on behalf of an individual beneficiary. *Id.* at 142, 105 S.Ct. at 3090. Since the claim in *Russell* was brought on behalf of an individual under section 409(a), the Court held that there was

be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.

no express authority for an award of extra-contractual damages to a beneficiary. *Id.* at 144, 105 S.Ct. at 3091. The Court also held that there was no implied cause of action. *Id.* at 148, 105 S.Ct. at 3093.

The majority opinion did not address whether extracontractual damages are available under section 502(a)(3). However, Justice Brennan, in a concurring opinion in which he was joined by Justices White, Marshall and Blackmun, stated the approach courts should take in construing ERISA's provisions. *Id.* at 150–151, 105 S.Ct. at 3094. A beneficiary may obtain "appropriate equitable relief" pursuant to section 502(a)(3) whenever an administrator breaches the fiduciary duties set forth in section 404(a). *Id.* at 154, 105 S.Ct. at 3096.

Justice Brennan also stated that "Congress intended by § 404(a) to incorporate the fiduciary standards of trust law into ERISA" and he would apply "black-letter trust law that fiduciaries owe strict duties running directly to beneficiaries in the administration and payment of trust benefits." *Id.* at 152–53, 105 S.Ct. at 3095. Under the law of trusts, "a beneficiary [is] entitled to a remedy 'which will put him in the position in which he would have been if the trustee had not committed the breach of trust.'" *Id.* at 157 n. 16, 105 S.Ct. at 3098 n. 16. Justice Brennan concluded that a beneficiary may obtain "appropriate equitable relief" for breach of fiduciary duties, and such equitable remedies "include provision of monetary damages." *Id.* at 154 n. 10, 105 S.Ct. at 3096 n. 10.

■ The rationale applied in *Russell* has been extended to preclude claims for punitive damages brought pursuant to section 502(a)(3) as well as to preclude claims for "extracontractual" compensatory damages. See, e.g., *Powell v. Chesapeake & Potomac Tel. Co.,* 780 F.2d 419 (4th Cir.1985), cert. denied, 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 980 (1986); *Hancock v. Montgomery Ward Long Term Disability Trust,* 787 F.2d 1302 (9th Cir.1986). However, the claim in the present case does not appear to be for extracontractual damages but instead appears to be a claim for violation of a contractual duty.

Section 502(a)(3) allows a "participant, beneficiary or fiduciary ... to obtain other appropriate equitable relief" and the present issue is whether or not "other appropriate equitable relief" includes the type of damages presently sought by plaintiff. Justice Brennan's guidance is persuasive to convince the Court that trust law should be applied. Under the law of trusts, a beneficiary is entitled to a remedy that will put him in the position he would have been in if the fiduciary had not committed a breach of trust, and that such a remedy includes monetary damages. *Id.,* 473 U.S. at 154 n. 10, 105 S.Ct. at 3096 n. 10. Therefore, plaintiff has standing to assert the claim for damages under section 502(a)(3) of ERISA.

**B. Plaintiff is not required to exhaust all administrative remedies since any further pursuit of administrative remedies by plaintiff would be futile.**

■ Tultex claims that plaintiff should be required to exhaust all administrative remedies before filing suit. This requirement is not statutorily required but is instead a judicially imposed condition. *Makar v. Health Care Corp. of Mid–Atlantic,* 872 F.2d 80 (4th Cir.1989). Exhaustion of administrative remedies is not required if there is a clear and positive showing that any further administrative appeals would only be futile. *Makar* at 83. In the present case, the only appeal left for plaintiff is to appeal the denial by Hartford. Hartford denied the claim on the grounds that plaintiff's coverage expired when he left Tultex, notwithstanding Tultex's contractual promise to extend the coverage. Hartford's denial is not based on any medical opinion or factual dispute that could be resolved on appeal. Hartford's denial is founded on the basis that Tultex unilaterally extended plaintiff's disability coverage in a manner that did not bind Hartford. Because it is clear that any further appeal to Hartford would be futile, plaintiff is not required to completely exhaust all administrative remedies. Thus, Tultex's motion to dismiss for failure to exhaust all administrative remedies is denied.

**C. Plaintiff has alleged state law claims which are not preempted by ERISA.**

■ In addition to claims for violation § 1132(a) of ERISA, plaintiff is claiming that

Tultex violated North Carolina state law by breaching their contract and committing fraud/misrepresentation. Tultex claims that these state law claims are preempted by ERISA. It is true, as Tultex notes, that ERISA's preemption clause is of "unparalleled breadth" and the Fourth Circuit has stated that ERISA preempts state law claims which relate to an employee benefit plan. *O'Shea v. Commercial Credit Corp.*, 930 F.2d 358 (4th Cir.1991). However, it is unclear whether a plaintiff seeking recovery directly from the employer under a fraud claim is bringing a claim which sufficiently relates to an employee benefit plan so that ERISA will preempt.

Several Federal Courts have declined to preempt state law claims of misrepresentation and fraud where the subject of the deception only incidentally concerned pension benefits. *Greenblatt v. Budd Co.*, 666 F.Supp. 735 (E.D.Pa.1987). Other courts have taken the position that fraud is of special interest to the state and thus refused to preempt the state law based fraud claims. *Perry v. P\*I\*E Nationwide Inc.*, 872 F.2d 157 (6th Cir.1989), cert. denied 493 U.S. 1093, 110 S.Ct. 1166, 107 L.Ed.2d 1068 (1990); *Provience v. Valley Clerks Trust Fund*, 509 F.Supp. 388 (E.D.Cal.1981). The state law claims for fraud/misrepresentation will not be preempted simply because they happen to relate tangentially to an employee benefit plan.

Plaintiff argues in the alternative that the state law claims should not be preempted unless it is determined that plaintiff was actually a participant in an ERISA plan. Hartford's apparent defense will be that plaintiff was not covered by the plan once plaintiff's employment was ended with Tultex. If this defense is successful, plaintiff will not have been a participant covered by an ERISA plan after July 31, 1986. Federal courts have declined to preempt state law claims where the plaintiff does not qualify as a "participant" entitled to ERISA recovery. *Deller v. Portland General Electric Co.*, 734 F.Supp. 916 (D.Or.1990). The *Deller* court noted that:

> "[I]t would be contradictory to rule that state law claims are preempted where the

court has already held that the same plaintiffs may not assert a claim under ERISA because they are not "participants" in the ERISA plan."

*Deller* at 918.

 In the present action, plaintiff is claiming to be a participant under the ERISA plan. Hartford is claiming that plaintiff was not a participant after he left Tultex's employment. It may be determined that plaintiff was not a participant under the ERISA plan after he left Tultex's employment. Therefore the state law claims will not be preempted, if ever, until plaintiff is determined to be an ERISA plan participant.

### D. Plaintiff's claims are not barred by any applicable statute of limitations.

 ERISA does not contain a specific limitations period for a § 1132 claim. Where a federal statute creating a cause of action has failed to provide a limitations period, a court is required to borrow the most suitable statute or other rule of timeliness from some other source. *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Regardless of the limitations period, an ERISA cause of action does not accrue until the claim for benefits has been denied. *Paris v. Profit Sharing Plan for Employees of Howard B. Wolf, Inc.*, 637 F.2d 357 (5th Cir. 1981), cert. denied, 454 U.S. 836, 102 S.Ct. 140, 70 L.Ed.2d 117 (1981). The rationale behind this rule is clear. Allowing the limitations period to accrue before the claim is denied would encourage the filing of claims before final denial. Requiring piecemeal challenges before an actual denial has occurred would result in a great waste of judicial resources and would create a situation where the claims could be challenged for lack of ripeness. *Paris* at 361.

There may be some question as to when plaintiff's claim for disability was actually denied but this is a question of fact to be determined at trial. There appears to be evidence that Tultex misled plaintiff when, in response to plaintiff's request for advise regarding the filing of a disability claim, Tultex told plaintiff that plaintiff's medical condition

did not appear to fit the policy definition of "disabled". Plaintiff explained that he did not have a copy of the policy and it would be reasonable for the trial court to find that Tultex understood that plaintiff was relying on Tultex's response. Thus even if the limitations period began prior to Hartford's denial, Tultex would likely have the limitations period equitably tolled.

Equitable tolling applies where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action. *English v. Pabst Brewing Co.*, 828 F.2d 1047 (4th Cir. 1987), cert. denied 486 U.S. 1044, 108 S.Ct. 2037, 100 L.Ed.2d 621 (1988). It would be grossly inequitable not to allow plaintiff his day in court to argue that the limitations period either did not accrue until Hartford's denial on March 16, 1992 or that the limitations period was equitably tolled as a result of Tultex's attempt to mislead. Taking the facts in the light most favorable to the plaintiff, this action is not barred by the statute of limitations and Tultex's motion to dismiss because the action is barred by the statute of limitations is denied.

**IT IS THEREFORE ORDERED,** that plaintiff's Motion to Amend the complaint and defendants' Motion to Sever the cross-claims be, and same hereby are, **GRANTED** and that plaintiff's Motion to Strike Tultex's response to plaintiff's motion to amend and Tultex's Motion to Dismiss be, and same hereby are **DENIED** and that Hartford's Motion to Amend the cross-claims and Tultex's Motion to dismiss the cross-claims be, and same hereby are **STAYED.**