**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CAROL H. BAGWELL,
Plaintiff-Appellant,

v.

No. 98-1747

WAKE COUNTY PUBLIC SCHOOL
SYSTEM; WAKE COUNTY BOARD OF
EDUCATION,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CA-97-1017-5-BR)

Submitted: November 30, 1998

Decided: March 22, 1999

Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Janet I. Pueschel, PUESCHEL LAW FIRM, Raleigh, North Carolina,
for Appellant. Michael Crowell, THARRINGTON SMITH, L.L.P.,
Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Carol H. Bagwell appeals from the district court's order dismissing Bagwell's action filed under the Americans with Disabilities Act (ADA), 42 U.S.C.A. §§ 12101-12213 (West 1995 & Supp. 1998), for failure to state a claim. We affirm.

Bagwell is a former teacher's aide with Defendant Wake County Public School System ("System"). Bagwell suffers from bipolar disorder with manic depressed presentation. From February to April 1996, Bagwell made harassing phone calls to various personnel at the elementary school where she worked and exhibited irrational and threatening behavior at the school. Bagwell's behavior persisted despite warnings from the principal. The school ordered Bagwell to stay away from the grounds; however, Bagwell failed to obey the order and was arrested twice for trespassing on school grounds. After having granted Bagwell extended paid leave several times over the summer of 1996 in an attempt to accommodate Bagwell's disorder, the System discharged Bagwell in August 1996.

Bagwell filed a grievance with the System, contending that she had been terminated because of her mental disability in violation of the ADA. After a hearing, the System denied the grievance and informed Bagwell that she had been discharged for inappropriate behavior arising out of her threatening and harassing behavior at the school, not because of a disability. Defendant Wake County Board of Education ("Board") denied Bagwell's appeal of the System's grievance decision, likewise informing her that she had been discharged for misconduct and not due to a disability.

In December 1997, Bagwell filed the instant action contending that Defendants discriminated against her and terminated her due to her mental disability. On February 17, 1998, Defendants moved to dis-

2

miss under Fed. R. Civ. P. 12(b)(6), for failure to state a claim, in part on the assertion that Bagwell failed to specifically allege that she was dismissed because of her disability. Pursuant to local rule, Bagwell's response to the motion to dismiss was due by March 12, 1998. On March 23, Bagwell moved to amend the complaint in order to add a sentence stating that she was discharged due to her disability, and at the same time moved for an extension of time in which to respond to the motion to dismiss. Bagwell's counsel admitted that her request for an extension of time was untimely, but stated that she is a solo practitioner and was in trial the week of March 9-13, and thus could not give her full attention to the motion to dismiss in order to respond appropriately or to request an extension of time in which to respond. Bagwell failed to confer with opposing counsel regarding the motion to extend time.

On March 30, the district court summarily denied Bagwell's motion to amend and for an extension of time. The district court granted Defendants' motion to dismiss, holding that even if the complaint were read to specifically allege Bagwell was terminated due to a disability, the complaint failed to state a claim. Bagwell timely appealed, contending that the district court erred in denying her motion to amend and for an extension of time, and that it erred in granting the motion to dismiss.

The district court did not abuse its discretion in denying Bagwell's motion for an extension of time. See Fed. R. Civ. P. 6(b)(2). Bagwell does not dispute that her response to the motion was due on March 12. However, she failed to file her motion for an extension until March 23, without consulting with opposing counsel as required by local rule, and giving as her only justification that she was a solo practitioner in trial the week the response was due. This does not constitute excusable neglect. See id.; McLaughlin v. City of LaGrange, 662 F.2d 1385, 1387 (11th Cir. 1981); see also Lujan v. National Wildlife Fed'n, 497 U.S. 871, 895-97 (1990).

Although the district court may have abused its discretion by denying Bagwell's motion to amend her complaint before a responsive pleading had been served,* see Fed. R. Civ. P. 15(a); see also
_____
*The motion to dismiss is not considered a responsive pleading. See Smith v. Blackledge, 451 F.2d 1201, 1203 n.2 (4th Cir. 1971).

3

Chisolm v. TranSouth Fin. Corp., 95 F.3d 331, 338 (4th Cir. 1996), Bagwell's proposed amendment would not have altered the outcome. Our review of the district court's dismissal order is de novo. See Chisolm, 95 F.3d at 334; Little v. Federal Bureau of Investigation, 1 F.3d 255, 257 (4th Cir. 1993). Bagwell's complaint admits numerous instances of actionable misconduct extending over a period of several months and which were inappropriate for a public elementary school employee. At each stage of the grievance process she was informed that she was discharged due to her misconduct. Bagwell alleges no facts which show she was terminated due to her disability, nor is her allegation that Defendants fired her because of her disability supported by anything else in the record. It is clear from the pleadings that Bagwell was terminated due to her misconduct, not due to her disability. See Palmer v. Circuit Court of Cook County, 117 F.3d 351, 352-53 (7th Cir. 1997), cert. denied, 118 S. Ct. 893 (1998); Martinson v. Kinney Shoe Corp., 104 F.3d 683, 686 n.3 (4th Cir. 1997); Little, 1 F.3d at 259.

For these reasons, we affirm the district court's order granting Defendants' motion to dismiss in Bagwell's action.

AFFIRMED

4