**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-7838**

_____

RAYMOND BRADLEY NOTTINGHAM, JR.,

                              Plaintiff - Appellant,

        versus

SHERILL,

                              Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (CA-04-402-2)

_____

Submitted:  March 30, 2005          Decided:  May 17, 2005

_____

Before WILKINSON and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

_____

Raymond Bradley Nottingham, Jr., Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Raymond Bradley Nottingham, Jr., appeals the district court's order denying relief on his <u>Bivens</u>* complaint pursuant to 28 U.S.C. § 1915A(b)(1) (2000). After a thorough review of the record, we conclude that Nottingham should have been permitted to amend his complaint as a matter of right under Federal Rule of Civil Procedure 15(a) because no responsive pleading had been filed. Thus, even though he sought leave to amend, he actually did not need to do so. See <u>Domino Sugar Corp. v. Sugar Workers Local Union 392</u>, 10 F.3d 1064, 1068 n.1 (4th Cir. 1993); <u>Smith v. Blackledge</u>, 451 F.2d 1201, 1202-03 (4th Cir. 1971). We therefore vacate the district court's order to the extent that it impliedly denied Nottingham's motion to amend his complaint, and we remand the case for consideration of the amended complaint.

We affirm on mootness grounds the denial of Nottingham's claims for declaratory and injunctive relief because he has since been transferred to a federal correctional institution. Finally, Nottingham's claim that Defendant Sherill delayed his parole revocation hearing by ordering that he be placed in administrative segregation is conclusory and, because it was raised for the first time on appeal, is not properly before this court. <u>Muth v. United States</u>, 1 F.3d 246, 250 (4th Cir. 1993) (holding that claims raised

---

*<u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

- 2 -

for the first time on appeal will not be considered absent exceptional circumstances, such as plain error).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>VACATED AND REMANDED IN PART</u>